No. 18,197.

EDWARD O. GEER, AS MANAGER OF SAFETY, ETC. *v.*
ANTHONY SMALDONE.
(326 P. [2d] 978)

Decided June 23, 1958.

Mr. JOHN C. BANKS, City Attorney, Mr. TY R. WIL-
LIAMS, Assistant, for plaintiff in error.

Mr. RICHARD H. SHAW, Mr. DAVID C. KNOWLTON, for
defendant in error.

*En Banc.*

MR. CHIEF JUSTICE HOLLAND delivered the opinion of
the Court.

ANTHONY SMALDONE, defendant in error, applied to
the Manager of Safety of the City and County of Denver

for a hotel and restaurant liquor license for a restaurant located at 3760 Tejon street, known as Gaetano Restaurant, on December 2, 1955. When the matter came on for hearing on January 10, 1956, the city attorney moved that the application be dismissed because the zoning regulations of the city did not permit that type of operation at that location. There was a rezoning in process at the time and the manager stated that if the rezoning could be accomplished prior to July 10, 1956, that the petitions that had been circulated for and against the application would be received in evidence and would stand as a part of the record.

July 2, 1956, the matter came on for hearing again, because it was shown that the zoning changes had been made. At the first hearing on January 10, 1956, about 200 people appeared in person, apparently ready to testify in favor of the issuance of the license, and in addition there were petitions filed containing the names of more than 2,000 persons residing within the designated six-block radius neighborhood in favor of the issuance of the license. When the people appeared in person and ready to testify, an offer was made by applicant's counsel to put on the witness stand as many as the manager desired to hear, and it was also stated that the testimony would be cumulative, and on a satisfactory arrangement, nine witnesses were presented from the neighborhood and a review of the testimony of these witnesses reveals, in substance, that there were only two restaurants in the designated neighborhood where a full-course meal could be procured, one of which was that of the applicant and the other was Patsy's Inn near 37th and Navajo street. The testimony of all the witnesses indicates that all other outlets or restaurants in the neighborhood holding hotel or restaurant liquor licenses were less desirable places for families to eat, and for various reasons were not frequented or patronized by the witnesses and did not satisfy the reasonable requirements of the neighborhood.

At the final hearing the manager of safety stated that there had been no change in the number of liquor outlets in the neighborhood since August 1954, when an application for the same location by another applicant was denied because the existing outlets adequately served the needs of the neighborhood, and, in his opinion, the existing outlets are adequate at this time. The manager further stated that he was unable to determine who has been the proprietor and who is to have the proprietary interest in the future operations of the business. In our opinion, from a reading of the record and the exhibits in this case, it could reasonably be determined who was to have the operation of the business in the future; however, the manager of safety, after having the matter under advisement, denied the application and stated that there was a failure to show that the present existing outlets did not satisfy the requirements of the neighborhood.

In September 1956, the applicant filed a complaint for a review of the manager's decision in the District Court of the City and County of Denver and the matter was assigned for trial and came on for hearing on the 22nd day of November, 1956. After full argument concerning the evidence and the law applicable, the court orally stated his findings of fact and conclusions of law, reversing the decision of the manager and ordered that license be issued to the applicant. On proper application, stay of execution was granted.

The trial court stated that it had listened an entire day to the arguments of counsel and had reviewed the record. Further, that it had fully disgested the two transcripts of the record of both hearings, and especially the last one on July 2, 1956, and after some mild criticism of the representative of the city, stated that from the direct and cross-examination of the applicant, it was unable to find that the present applicant is not of the highest character and that his reputation in the community for truth and veracity is beyond question, and found that

from the testimony and considering the matter of the other outlets, that there were reasonable requirements and needs in the particular area for the issuance of a license to the applicant for this particular location. There was convincing documentary evidence as to the present ownership of the place. As stated before, petitions containing the signatures of 2,241 persons were presented in favor of the issuance of a license as against 53 names of persons residing in the area against it. The applicant testified that in his opinion it would be convenient to a large number of persons living in the neighborhood who dined at his place of business who desired their favorite drinks with their meals.

It is contended by plaintiff in error that the trial court substituted its own interpretation and evaluation of the evidence and exercised its own opinion and discretion as to whether a license should issue. A careful reading of the record would dissipate this idea. It may further now be observed that whatever the trial court did in this regard is clearly settled by our opinion in the case of *Geer v. Stathopulos,* 135 Colo. 146, 309 Pac. (2d) 606, in which it was made clear that in this type of case this court will examine the record made before the licensing authority "* * * as though the matter had never been heard or examined by the trial court, and will exercise its discretion in the matter as a trial court is authorized to do in such matters." Much reference is made in the record to an application made in 1954 by an entirely different person than this applicant; and a study of the record futher reveals that a bias and prejudice could easily exist, and did exist in the minds of the manager of safety and the city attorney on account of the name of this applicant. It was wholly irrelevant and immaterial to a disposition of this application to consider the non-renewal of the liquor license for the named restaurant for the year 1953. That had nothing to do with the present situation or the present applicant. We fail to find sufficient evidence in this case to sustain the

action of the manager of safety, and this conclusion is supported by the finding of the trial court. On the other hand, there is ample evidence to sustain the application and the order of the trial court in directing that the license issue.

Without criticism of the manager of safety, it is manifest that he was unconsciously controlled in his decision by the thought of weakness on the part of the application through the association of names.

The judgment of the trial court was right, and is therefore affirmed.

MR. JUSTICE KNAUSS and MR. JUSTICE MOORE dissent.