340 P.2d 866 (1959)
BOARD OF COUNTY COMMISSIONERS OF COUNTY OF RIO GRANDE and State of Colorado, Plaintiffs in Error,
v.
Amine H. SKAFF, Defendant in Error.
No. 18913.
Supreme Court of Colorado, En Banc.
June 15, 1959.
Rehearing Denied July 6, 1959.
*867 Richard L. Bloss, Jr., Del Norte, J. Frederick Schneider, Denver, for plaintiffs in error.
Charles R. Corlett, Monte Vista, for defendant in error.
DOYLE, Justice.
The Board of County Commissioners of Rio Grande County seeks reversal of a judgment of the district court rendered on certiorari proceedings which judgment set aside the Board's findings and conclusions denying a 3.2% beer license. Defendant in error, a Del Norte grocer, had applied for a license to sell fermented malt beverages (3.2% beer) at retail. The Board ruled that "the reasonable requirements of the neighborhood are met through outlets heretofore licensed within the Town of Del Norte." The district court concluded that the Board had acted arbitrarily in denying the application and ordered the Board and the State Licensing Authority to forthwith issue a license to the applicant.
The applicant operates a grocery store and market on the east side of Del Norte, Colorado in a residential area. There is a hospital just opposite his place of business. Del Norte has a population of approximately 2,000 people, and there are at present two other establishments licensed to sell fermented malt beverage; one is a pool hall, the other a restaurant. The nearest of these outlets is one mile from applicant's store. Numerous residents of the area signed a petition which accompanied the application.
There were several remonstrances submitted against the application. These were shown to have been sponsored by various religious groups and by the Women's Christian Temperance Union, the signers of which were for the most part residents of neighboring communities which included Monte Vista, Bowen, Sargent, South Fork and other towns in the county. There were some protests from Del Norte but they were relatively few in number. The ground of protest shown by the remonstrances was "That at the present time there are sufficient outlets for the sale of beer in the County of Rio Grande, and nineteen business houses in the County of Rio Grande now sell liquor or beer." Other objections were that a traffic problem would be created because of the location of St. Joseph's hospital in the near vicinity, and that more police protection would be needed if the license were granted.
The Board issued its denial in writing and this provided in part:
"The Board finds that the reasonable requirements of the neighborhood are met through outlets heretofore licensed within the town of Del Norte; that the neighborhood concerned lies principally within the limits of said town; that the distance from the Skaff Super Market and the business district of the Town is less than one mile. This Board was not influenced by the numerous petitions to which have been subscribed the names of persons living in Monte Vista and surrounding area, the Bowen District, the Sergeant District, or the Center Colorado area, the conclusion of the Board being that these petitions serve no purpose as far as determining the needs of the neighborhood in and around Del Norte is concerned. Nor have the protestations of those who are unconditionally opposed to consumption of alcoholic beverages of any kind, had any bearing upon reaching this decision."
The trial court seemingly concluded that once the Board separated the invalid protests there remained no substantial number of objectors who could furnish evidence as to the reasonable requirements of the *868 neighborhood or the desires of the inhabitants. The court concluded:
"* * * Thus the Court has to consider only the petition of those residents of Rio Grande County who live in the immediate vicinity of Skaff's Super Market and the protestations of those who likewise live in the immediate vicinity. An examination of the record would indicate, although not directly, that most of the petitioners do live in the vicinity of this store.
"Further examination of the record indicates that there are two places in Del Norte selling fermented malt beverages, one being a restaurant where it is sold by the bottle with meals, and another a pool hall which, although open to the general public, does not make fermented malt beverages as available as they would be in a store. These are the only two outlets in Del Norte, both of which are about a mile from the store of the applicant.
"The Court finds that the reasonable requirements of the neighborhood and the desires of the inhabitants as evidenced by petitions indicate that the Board of County Commissioners * * * acted arbitrarily and without good cause."
In deciding whether the district court was justified in holding that the Board had acted arbitrarily we are called upon to review the action of the Board and to determine whether there was substantial evidence in support of its findings, and whether it had exceeded its jurisdiction or abused its discretion.
The applicable legal requirements to be considered in issuing licenses are set forth in the statute which deals with "Qualifications and conditions for license". C.R.S.1953, 75-1-5(3):
"In considering the issuance of licenses the licensing authority, either state or local, shall consider the reasonable requirements of the neighborhood and the desires of the inhabitants as evidenced by petitions, remonstrances or otherwise."
The fact that a vast majority of the protests originated in distant communities as far away as 30 miles, in some instances in another county; the fact that the residents of the neighborhood indicated their desire that the license issue, and the fact that there was no similar outlet (grocery store) in the entire community, no doubt influenced the district court to conclude as it did. After a careful review of the record we are unable to say that the determination was incorrect. The case falls within the terms of our previous rulings dealing with "requirements of the neighborhood and the desires of the inhabitants". Maurer v. Boggs, 103 Colo. 72, 82 P.2d 1099; Geer v. Stathopulos, 135 Colo. 146, 309 P.2d 606 (a hotel and restaurant license was here involved); Cloverleaf Kennel Club v. Board of County Commissioners, 136 Colo. 441, 319 P.2d 487; Buddy & Lloyd's Store No. 1, Inc. v. City Council, 139 Colo. ___, 337 P.2d 389.
The statement of the Court in Cloverleaf Kennel Club v. Board of County Commissioners, supra [136 Colo. 441, 319 P.2d 489], is fully applicable. It was there said:
"In denying the license the board held that the reasonable requirements of the neighborhood did not warrant the issuance of the license. This finding is not supported by the evidence. The evidence is that the neighborhood is not supplied at all. A complete absence of a 3.2 outlet within a radius of five miles cannot be said to serve the reasonable requirements of the neighborhood."
The very recent pronouncement of the Court in Buddy & Lloyd's Store No. 1, Inc. v. City Council, supra, concerned as does the present case the issuance of a 3.2 license to a grocery store. It there appeared that no similar license had been issued in the town of Aurora, and the holding was that the complete lack of evidence before the board justified reversal of its decision denying the application.
*869 The record here fails to disclose any valid reason for the action of the Board in denying the application. The petition signed by the residents of the area established prima facie that the inhabitants of the neighborhood favored the issuance of the license. This was not overcome by the numerous counter-affidavits signed by citizens residing for the most part in surrounding towns of the county. On the issue of the needs of the neighborhood, the presence of two other and different type outlets in the town did not serve to offset the evidence before the Board that no other retail establishment of the character of applicant's store existed in the town. The fact that a total of 19 outlets (of all kinds) are now licensed in Rio Grande County was not material to a determination of the needs of the neighborhood involved here. It follows that the trial court was correct in concluding that the Board had abused its discretion.
The judgment is affirmed.