No. 20,194.

GEORGE HEINZ, JR., AS CAP AND CORK LIQUORS, *v.*
MAURICE BAUER, ET AL., AS BOARD OF COUNTY
COMMISSIONERS OF JEFFERSON COUNTY.
(375 P. [2d] 520)

Decided October 22, 1962.

Mr. MORRIS RIFKIN, for plaintiff in error.

Messrs. BRADLEY, CARNEY & JOHNSON, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE SUTTON.

HEINZ, plaintiff in the trial court and plaintiff in error here, seeks review of the action of the trial court in affirming the action of defendants, who as the licensing authority refused to issue a package liquor license to him. He asserts the denial was arbitrary and capricious.

The record discloses that Heinz's location would be in a new shopping center in the rapidly growing area west of the Denver City limits. The evidence is that the Heinz store site at 811 Wadsworth Blvd. in Lakewood has five package liquor licensed stores within one and one-half miles of the proposed location, the closest one being approximately four-tenths of a mile away and another eight-tenths of a mile away.

At the public hearing Heinz submitted a petition signed by 541 residents who purportedly lived within a six block area from the location. They, as well as ten witnesses who testified in his behalf, favored issuance of the license. Nine persons testified against issuing the license. Several of the latter stated they were opposed to all liquor sales and use.

It appears that Heinz had been told by someone in the Commissioners' office that he need only canvass a six block area for his petition, for beyond that distance he would be getting closer to existing liquor stores than to his own site. It also appears that a small number of those signing petitions in favor of the license lived a

block or two beyond the six block area which Heinz stated he had canvassed.

The Commissioners in denying the license took into consideration the existing liquor store locations beyond the six block area in determining that the reasonable needs of the neighborhood are now being met.

■ It is urged that in denying the application the Commissioners considered only the testimony of those few witnesses who were opposed to the sale of alcoholic beverages in any form at any place at any time. *Ladd v. Board of County Commissioners,* 146 Colo. 366, 361 P. (2d) 627 (1961) is cited in this regard. If this were so *Ladd* would be applicable. The record, however, shows that the decision of the Commissioners in fact turned upon their belief that the reasonable needs of the neighborhood are presently being met by existing outlets. In this they are supported by the record. Five package stores within a radius of four-tenths to one and one-half miles could not be ignored in their consideration of the application, nor were they. The applicable statute (C.R.S. '53, 75-2-9) has two requirements: (1) "the reasonable requirements of the neighborhood" and (2) "the desires of the inhabitants." Heinz's evidence went only to fulfill the second of these requirements. It was for the Commissioners to determine that both requirements were met before they could order the license to issue. See: *Commissioners v. Salardino,* 138 Colo. 66, 72, 329 P. (2d) 629 (1958) and *MacArthur v. Presto,* 122 Colo. 202, 221 P. (2d) 934 (1950). The determination being supported by the record, it cannot be held to be arbitrary or capricious, and the judgment must be affirmed.

MR. CHIEF JUSTICE DAY and MR. JUSTICE MCWILLIAMS concur.