No. 20,234.

Rose Theresa Tavella, et al., d/b/a Harbor
Restaurant and Lounge, v. William Eppinger, et al.,
as Board of County Commissioners of Adams County.

(383 P. [2d] 314)

Decided June 24, 1963.     Rehearing July 15, 1963.

Mr. Ben Klein, for plaintiffs in error.

Mr. David Berger, for defendants in error.

*In Department.*

Opinion by Mr. Justice McWilliams.

Pursuant to C.R.S. '53, 75-2, et seq. Tavella and Prettol, doing business as Harbor Restaurant and Lounge, made application to the Board of County Commissioners of Adams County for a hotel and restaurant liquor license. After hearing, the Board denied the application for the stated reason that in its view the reasonable requirements of the surrounding neighborhood were already being adequately served by existing outlets.

Thereafter Tavella and Prettol sought judicial review of the matter, contending that the Board in denying their application acted contrary to the evidence and in an arbitrary and capricious manner.

Upon hearing, the trial court upheld the action of the Board and by the present writ of error Tavella and Prettol seek reversal of the judgment.

The only issue to be resolved is whether there was evidence before the Board sufficient to justify and support the finding that the reasonable requirements of the neighborhood were already met by existing liquor outlets. We conclude that the evidence was sufficient to support this finding, as a very brief resume thereof will demonstrate.

Tavella and Prettol operated a combination restaurant and bowling alley at 7110 North Federal Boulevard in Adams County, and it is quite clear from the record that primarily they sought a hotel and restaurant liquor license to better serve their bowling customers, who often desired not only food, but drink, as an adjunct to their athletic endeavors. It was stipulated that in the designated neighborhood there were four existing hotel and restaurant liquor outlets.

In *Jennings v. Hoskinson,* 152 Colo. 276, 382 P. (2d) 807, it was declared that "where there are a number of licensed outlets in an area, their inadequacy, if

any, to serve the needs of the neighborhood should be shown by the applicant."

■ Did Tavella and Prettol establish, prima facie, that the four existing hotel and restaurant liquor outlets were inadequate to serve the reasonable requirements of the neighborhood? Our examination of the record persuades us that they did not, hence the action of the Board under the circumstances was justified.

■ The fact that some, or even many, persons who patronize the bowling alley thought it would be both "desirable" and "convenient" to have a liquor outlet near at hand, falls short of establishing that the thirst needs of this neighborhood were being inadequately met by the four existing outlets. Tavella and Prettol suggest that their standing is somehow enhanced because of the fact that they run a bowling alley and that no other bowling alley in the unincorporated area of Adams County has a liquor license. Bowling alley, or no, the test is still the "desires of the inhabitants" *and* "the reasonable requirements of the neighborhood." C.R.S. '53, 75-2-9. The applicants having failed to show that the four existing outlets were unable to meet the needs of the neighborhood, the judgment must be, and is, affirmed.

MR. JUSTICE SUTTON and MR. JUSTICE PRINGLE concur.