Opinion by
Mr. Justice Pringle.
Mary and Rocco Bova, doing business as “Bova’s Pizzeria,” applied to the Board of County Commissioners of Adams County for a hotel and restaurant liquor license, the applicants already being licensed to serve beer and wine. After two hearings, the Board denied the application. Complaint in the nature of certiorari was filed in the district court where, after a review of the proceedings before the Board, the court entered judgment reversing the action of the Board and ordered that the license be issued. The Board is here by writ of error seeking reversal.
The record discloses that in the neighborhood as defined by the Board there are three establishments in very close proximity to the Bovas’ restaurant which dispense beer, wine and spirituous liquor by the drink. Two of these establishments are located on the same side of the street as the applicants’ restaurant, separated from it by a shop. The third is located immediately across the street.
Without exception, the witnesses favorable to issu *232 anee of the license were patrons of applicants’ restaurant. They testified that the Bovas served homemade Italian food and for this reason their restaurant was unique in the area. They further testified that of the three establishments referred to above, only one served what could be termed adequate meals and that it was usually quite crowded. The witnesses stated that it was a great inconvenience not to be able to purchase liquor before and after dining at the Bovas’ restaurant and the applicants themselves testified that on many occasions they lost customers who, upon being apprised of their inability to obtain a cocktail before dinner, left the restaurant without ordering.
While all of the applicants’ witnesses testified that in their opinion there was a need for the license which the Bovas sought, they were, for the most part, unwilling to state that the other outlets were inadequate to serve the neighborhood’s reasonable requirements for liquor by the drink. Some of those who asserted that the other outlets were insufficient admitted on cross examination or under questioning by the Board that they did not attempt to patronize the other outlets or that the insufficiency they were referring to was a lack of combined restaurant and liquor facilities in the neighborhood. Witnesses Prunk and Marcinal testified that on certain occasions in the past they were unable to obtain immediate service in one of the other outlets. The witness Vickers made the blanket assertion that the neighborhood was inadequately served on Saturday nights. A common thread runs throughout the testimony of the applicants’ witnesses, namely, that they were drawn to the Bovas’ restaurant by the excellent food served therein, and that they would like a drink when they dined there.
The petitions submitted in support of the application contained language that the signers had “no objection to and support” the request of the applicants for the license. The petitions did not state that the reasonable *233 requirements of the neighborhood were not met by existing outlets nor that the issuance of the license was essential to serve the needs of the neighborhood.
On this state of the record, the Board found, inter alia, that the applicants had failed to sustain the burden of showing that the reasonable requirements of the neighborhood for beer, wine and spirituous liquor by the drink were not met by existing outlets and that, in fact, the reasonable requirements of the neighborhood were met by the three outlets existing in close proximity to the applicants’ establishment. The Board further determined that while the witnesses for the applicants testified that it would be convenient to have additional outlets for the purpose of obtaining food, there was no persuasive testimony to the effect that persons residing in the neighborhood were unable to obtain beer, wine or spirituous liquor by the drink in the neighborhood to be affected.
 Chapter 75, C.R.S. ’53, contemplates that local licensing authorities be vested with a wide discretion in determining the necessity for the issuance of particular licenses for the sale of alcoholic beverages. Board of County Com’rs In and For Fremont County v. Salardino, 138 Colo. 66, 329 P. (2d) 629. Neither this Court nor the trial court may substitute its opinion for the determination made by the local licensing authority in granting or denying a license nor interfere with the exercise of its discretion where its action is based on evidence from which reasonable men might honestly draw different conclusions. Van De Vegt v. Board of Com’rs of Larimer County, 98 Colo. 161, 55 P. (2d) 703; MacArthur v. Presto, 122 Colo. 202, 221 P. (2d) 934. If there were evidence to support the Board’s determination here, it was the duty of the trial court and it is .our duty to affirm the action of the Board. Jennings v. Hoskinson, 152 Colo. 276, 382 P. (2d) 807.
Where there are a number of licensed outlets in an area, their inadequacy, if any, to serve the needs of *234 the neighborhood should be shown by the applicant. Board of County Com’rs In and For Fremont County v. Salardino, supra; Jennings v. Hoskinson, supra; Tavella v. Eppinger, 152 Colo. 506, 383 P. (2d) 314. In the instant case, the testimony elicited from the applicants’ witnesses established that many of the residents of the neighborhood wished to dine at a restaurant serving homemade Italian food and that they desired liquor along with their meals. This alone does not establish that the existing outlets were inadequate to satisfy the desires of the inhabitants and the reasonable requirements of the neighborhood where the service of liquor by the drink is involved.
In Tavella v. Eppinger, supra, we held that this burden was not sustained where the patrons of a bowling alley, which is located in the vicinity of the Bovas’ restaurant, thought it would be both “convenient” and “desirable” to have liquor near at hand while they participated in their athletic endeavors. See also Jennings v. Hoskinson, supra, where the applicant operated a restaurant serving Chinese food and the witnesses testified that they liked Chinese food and would like to drink with their meals. We perceive no fundamental difference between these cases and the case at bar.
Moreover, the petitions filed by the applicants were silent on the subject of the reasonable requirements of the neighborhood and they are, therefore, of no help in establishing the needs of the neighborhood. Young v. Board of County Com’rs of County of Larimer, 147 Colo. 64, 362 P. (2d) 874.
We conclude that the licensing authority did not act arbitrarily nor abuse its discretion in denying the license.
The judgment is reversed.