No. 20,945.

THE BOARD OF COUNTY COMMISSIONERS OF JEFFERSON COUNTY *v.* EVERGREEN LANES, INC.

(391 P. [2d] 372)

Decided April 6, 1964.    Rehearing denied April 27, 1964.

Mr. ROBERT K. WILLISON, for plaintiff in error.

Messrs. QUIAT, WOODFORD, MYERS & SCHNABEL, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

EVERGREEN LANES, INC., to whom we will refer as the applicant, petitioned The Board of County Commissioners of Jefferson county for a hotel and restaurant liquor license for premises located in Evergreen, Colorado. After a hearing the Board denied the license, finding substantially that the neighborhood to be served would, in general, be the community of Evergreen in Jefferson county, Colorado; that there are at least four existing liquor outlets of a similar nature within a radius of two miles of the proposed location for the license; that at the hearing there were approximately 30 persons living within the neighborhood in favor of granting the license, and approximately 27 persons living in the same area, opposed; also that as a result of those findings and other evidence presented at the hearing it was the conclusion of the Board that the reasonable requirements of the neighborhood with regard to liquor outlets are at present being met, and that the desires of the inhabitants of the general area which would be served are that the application be denied; and, further, the fact that some people are in favor of the license does not show need.

The applicant filed proceedings in the district court to compel the Board to issue the license, alleging that its action in denying same was arbitrary and capricious. That court, after a review of the proceedings before the Board, found inter alia:

"Uncontroverted evidence before defendant showed the area sought to be served has undergone a population explosion recently and there have been no new licenses granted along with the increase in population. Such

evidence was ignored by defendant in its findings of fact and resolution.

"The evidence before defendant board, showed plaintiff's plans to provide a general recreation facility, which all witnesses and parties appeared to agree was necessary and desirable. The evidence indicated such proposed facility is unlike any presently existing service in the area. In view of the evidence of the need and desire for this facility and the absence of any existing service, the reasonable requirements are not being met at the present time and cannot reasonably be met with the existing facilities.

"That defendant's failure to take into account the increase in population, the lag in licensing additional outlets, the demonstrated need and desire for the facility proposed by plaintiff, all constituted an abuse of discretion on the part of defendant.

"Defendant's denial of plaintiff's application because of the above and foregoing and because of many manifest additional matters in the record was both arbitrary and capricious."

The court then ordered that:

"Defendant take such action as shall be necessary to grant plaintiff's application and to issue plaintiff license for sale of beer, wine and spirituous liquors by the drink."

To reverse the judgment of the district court the Board is here by writt of error.

█ The single question for our determination is whether we must say as a matter of law that the Board of County Commissioners, as the licensing authority in Jefferson county, abused the discretion vested in it by denying the license sought by applicant. We have read the full record and find no abuse of discretion on the part of the Board. The district court erred in holding to the contrary.

On numerous occasions this court has upheld the action of licensing authorities where there were similar

existing outlets in the neighborhood proposed to be served or supplied under the license applied for. Enumeration and analysis of those decisions would not benefit the bench, bar, or the public. The only difference between the present case and those cases is that here the applicant proposes to make use of the license applied for in connection with a recreation complex consisting of a bowling alley, billiard or pool hall, swimming pool, ice skating rink and what it describes as the only high-class dining facility within the neighborhood. It is also claimed that there has been what it calls a "population explosion" in the last year and one-half, and a consequent lag in the granting of licenses for the sale of liquor by the drink.

We have carefully scrutinized the record in the light most favorable to the applicant, and find that the "population explosion" mentioned by the trial court consisted at most of the building of between fifty to sixty residences — and that there is no evidence disclosing the population of the community either before or after the claimed "explosion." We do find, on the other hand, that there was a package store license granted within the time in which the "population explosion" allegedly took place.

The finding of the trial court that the applicant plans to provide a general recreation facility and that such facility is unlike any presently existing in the area, is fully borne out by the evidence and is undisputed; however it does not evidence the fact that the neighborhood in question requires another liquor outlet, especially since the undisputed evidence is that the proposed development will proceed whether or not a liquor license is granted.

Where there are a number of licensed outlets in an area, an applicant for an additional liquor license has the burden to establish by competent evidence that the needs of the community are not being adequately met by existing outlets. *Jennings v. Hoskinson,* 152

Colo. 276, 382 P. (2d) 807; *Tavella v. Eppinger*, 152 Colo. 506, 383 P. (2d) 314. The applicant made no such showing before the Board.

There is no evidence that the Board acted arbitrarily or capriciously in this case. The judgment of the district court is reversed and the cause remanded with instructions to enter judgment affirming the action of the Board of County Commissioners.