No. 20794.

Juan A. Vigil, d/b/a Tony's Drive Inn *v.* C. J. Burress, et al., as members of the Council of Pueblo.
(404 P.2d 147)

Decided July 6, 1965.

KETTELKAMP, McGRATH & VENTO, for plaintiff in error.

GORDON D. HINDS, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE SUTTON.

PLAINTIFF in error, Juan A. Vigil, was an unsuccessful applicant for a 3.2% Fermented Malt Beverage license from the City Council of Pueblo. He sought a reversal of the denial of his application by writ of certiorari in the District Court. Being refused relief in the trial court, he seeks relief by writ of error alleging:

(1) That the Council's Findings of Fact pertaining to the neighborhood needs and desires were "capricious, arbitrary, and unsubstantiated by the evidence";

(2) There was a change of circumstances since his former hearings and that a recently installed historical marker could not be considered; and,

(3) The Council abused its discretion in considering evidence of past hearings.

Briefly, the record discloses that Vigil applied three other times within the three years immediately preceding his present application for a beer license. The

other applications, however, were submitted before there was a structure on his land. The land referred to is located in the eastern part of the City of Pueblo. His request for a license was denied following each of those earlier attempts when the Council found that he did not meet the statutory tests concerning "the reasonable requirements of the neighborhood and the desires of the inhabitants as evidenced by petitions, remonstrances or otherwise." (C.R.S. 1963, 75-1-5 (d).)

On his fourth and this latest application the direct evidence before the Council can be summarized as follows:

(1) That Vigil has now erected a clean, neat and well run drive-in restaurant on his land specializing in sandwiches and in Spanish and Mexican style foods;

(2) The D.A.R. had sponsored a historical marker at the site commemorating the first home in Pueblo;

(3) Vigil's petition contained 359 names for the license and a petition with 231 names against it was on file; and,

(4) Vigil had several witnesses who testified on his behalf as to the need for beer to be sold with food at the restaurant; and, that no one except the D.A.R. representative testified against issuing the license.

At previous hearings on Vigil's requests it had been shown that there were at least four 3.2% carry-out beer outlets in the area; that more signatures on petitions opposed the granting of the license than were for it; that there is a public school 6 or 7 blocks from the site; and, that at least some school children pass by the location on school days.

In the present and latest case we find that a substantial number, but less than a majority of the inhabitants of the neighborhood still object; that the "Bradford School" is still there and that a school situation could still be considered by the Council; that at least four 3.2% beer carry-out locations still serve the area; and that Vigil now has a building from which to serve food and beer. It thus appears that the only two new items bearing on the matter are the increased number of

signers and the new building. In regard to the historical marker we note that the Council stated that it alone would not justify the refusal of the license but was a fact to be considered along with the other evidence — a position that is not unreasonable under the discretion vested in the Council.

 Under the factual situation presented here, we certainly cannot say that the licensing body acted either with caprice or with arbitrariness, for there was current evidence before it sufficient to uphold its action. For example, the number of persons signing for or against a license, is not wholly determinative of either the reasonable requirements or the desires of the neighborhood. *Jennings v. Hoskinson,* 152 Colo. 276, 382 P.2d 807 (1963); *Brentwood Liquors v. Schooley,* 147 Colo. 324, 363 P.2d 670 (1961); *Quedens v. J. S. Dillon Co.,* 146 Colo. 161, 164, 360 P.2d 984 (1961); *McIntosh v. Littleton,* 145 Colo. 533, 360 P.2d 136 (1961); *Geer v. Susman,* 134 Colo. 6, 298 P.2d 948 (1956). The fact that Vigil testified that he needed the license for some of his customers is not the sole test either. *Tavella v. Eppinger,* 152 Colo. 506, 383 P.2d 314 (1963).

 The fact that there were other outlets in the neighborhood, even though they were carry-out locations, could be considered, for the statute makes no distinction between carry-out 3.2% beer licensees and those who desire to serve their customers on the premises. The burden was on the applicant to show that these outlets did not satisfy the needs of the neighborhood, a burden Vigil did not sustain. Nor does the fact that Vigil *now* has a building add to his posture, for section 75-1-15 (5) of the Act implies that to have a license, one must have a building in which to display the required warning sign.

 In the instant case there is sufficient evidence in the record, based upon the *present* evidence before the Council, to sustain its denial of the license. This is not to say, however, that we approve of all portions of the City's Findings of Fact. Specifically, the Findings are

in error when they recite that "Here we find that the petitions opposing the application continue, as before, to show that the desires of a majority of the neighborhood are opposed to the granting of this license." The record in this regard is to the contrary. And, reference in the Findings to the previous proceedings indicating a change in condition was necessary in order to authorize the issuance of the license was improper. The law is that each license application must be determined upon the facts as they exist at the time, not as they may have existed when a previous application was made. Cf. *Geer v. Smaldone*, 137 Colo. 503, 326 P.2d 978 (1958). Since the Council's action, however, can be sustained upon the evidence before it, we must affirm. *Geer v. Smaldone, supra; Geer v. Stathopulos*, 135 Colo. 146, 153, 309 P.2d 606 (1957).

Affirmed.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE MCWILLIAMS concur.