Opinion by
Mr. Justice Moore.
Plaintiffs in error, hereinafter referred to as protestants, are here on writ of error seeking reversal of a judgment entered by the district court of Boulder county. That judgment affirmed the order of the City of Boulder Fermented Malt Beverage Licensing Authority which granted a restaurant type retail malt beverage license to F.A.F. Inc., one of the defendants in error.
By local option, the city of Boulder does not permit the sale of intoxicating liquor but does permit the sale of 3.2 per cent fermented malt beverages. An ordinance of the city of Boulder makes a distinction between a “restaurant” type business in which 3.2 beer may be sold, and a “tavern” in which 3.2 beverages may be dispensed. In the former, less than 50% of gross receipts must be derived from the sale of the 3.2 beverage, whereas in the latter the primary operation is the dispensing of fermented malt beverages containing 3.2 of alcohol, and the receipts from that source must be in excess of that received from food. There are some regulations applicable to one type of business which are inapplicable to the other; however, none of them are pertinent to this action.
*192 F.A.F. Inc. made application for, and was granted, a restaurant type license. The holder of such license, when issued, can be limited in its operation to the type of activities permitted by such license. Protestants cannot prematurely be heard to complain that they fear that the activities which the license holder will conduct will be of a tavern nature. At this time we need go no farther than to state that anything unauthorized by the license held by F.A.F. Inc. can be dealt with if and when unauthorized conduct actually occurs.
Nothing in the record of proceedings before the licensing authority warrants a reversal of the judgment of the district court. In The Board of County Commissioners v. Bova, 153 Colo. 230, 385 P.2d 590, we stated that the law contemplates:
“* * * that local licensing authorities be vested with a wide discretion in determining the necessity for the issuance of particular licenses for the sale of alcoholic beverages. * * * Neither this Court nor the trial court may substitute its opinion for the determination made by the local licensing authority in granting or denying a license nor interfere with the exercise of its discretion where its action is based on evidence from which reasonable men might honestly draw different conclusions.
There was ample evidence to support the decision of the licensing authority, and accordingly it is our duty to affirm the judgment to which this writ of error is directed. Jennings v. Hoskinson, 152 Colo. 276, 382 P.2d 807.
The judgment is affirmed.
Mr. Justice McWilliams and Mr. Justice Schauer concur.