Mr. Justice Day
delivered the opinion of the Court.
This writ of error is directed to a judgment of the district court of Jefferson County, affirming the action of the Arvada City Council in granting a retail liquor store license to one Howard Ainbinder, doing business as Arvada Plaza Liquor Store, hereinafter referred to as applicant.
Plaintiff in error is a competing license holder and was one of the objectors to the granting of the license. He will be referred to as Lassak.
In his summary of argument Lassak has presented, among other points, the contention usually found in cases of this type, namely, that the findings of the City Council were insufficient; that the action of the Council was not supported by the evidence; and that the neighborhood was not sufficiently identified.
On these points, we hold that the Arvada Council did come to' grips with the question of the neighborhood; particularly with regard to the nature of a shopping *527 center as distinguished from the traditional concept of a neighborhood; it also considered the area which this particular shopping center proposed to serve and the traffic flow. There were in the record detailed maps and aerial photos of the area considered to be the neighborhood. As to whether the record is sufficient to sustain the Council action, we note that the Council’s decision was based on evidence presented at the hearing as well as on information gathered by investigation.
The evidence is typical of cases of this nature in that reasonable men might draw different conclusions. However, we do not find such an abuse of discretion as to warrant reversing the determination made by the Arvada Council. See Board of County Commissioners of Adams County v. Bova, 153 Colo. 230, 385 P.2d 590.
Other arguments raised by Lassak which this court has not heretofore passed upon concern the manner in which the City Council conducted the hearing. Lassak contends that the Council erroneously limited the time available for the presentation of his case in opposition to the granting of the license and also that he was restricted in his “right to cross-examination.” These contentions are without merit. A hearing of this nature is not an adversary proceeding. Lassak, although opposing the license, was not a party but merely a witness, along with other witnesses, opposing the granting of the license for various reasons. Although Lassak had a more direct interest because of his own store in an adjacent shopping center and thus appeared at the hearing with counsel, neither he nor any of the witnesses had a “right” to cross-examine all of the other witnesses.
The Supreme Court of the United States in Hannah v. Larche, 363 U.S. 420, 80 S.Ct. 1502, 4 L. Ed.2d 1307, (wherein is contained an exhaustive appendix showing the various provisions of statutes in numerous states on hearing procedures of administrative tribunals) has significantly defined the rights of persons appearing as *528 witnesses before various such agencies. In the Hannah case the United States Supreme Court very aptly and cogently pointed out that:
a* * * -¡¿íe investigative process could be completely disrupted if investigative hearings were transformed into trial-like proceedings, and if persons who might be indirectly affected by an investigation were given an absolute right to cross-examine every witness called to testify. Fact-finding agencies without any power, to adjudicate would be diverted from their legitimate duties and would be plagued by the injection of collateral issues that would make the investigation interminable. Even a person not called as a witness could demand the right to appear at the hearing, cross-examine any witness whose testimony or sworn affidavit allegedly defamed or incriminated him, and call an unlimited number of witnesses of his own selection. This type of proceeding would make a shambles of the investigation and stifle the agency in its gathering of facts.”
We are completely in accord with the rationale of this statement.
The judgment is affirmed.
Mr. Justice McWilliams not participating.