No. 22785.

CHRISTINA POTTER, RUTH CRUTH AND EDNA MAE BEHSE *v.*
HUGH J. MCCLEARN, MANAGER OF SAFETY AND EXCISE OF
THE CITY AND COUNTY OF DENVER, AND MARY C. DEBELL.
(467 P.2d 54)

Decided March 30, 1970.

EDWARD O. GEER, DONALD L. DILL, for plaintiffs in error.

THURMON, GREGORY and GREGORY, GWENDOLYN H. GREGORY, for intervenor.

*In Department.*

Opinion by MR. JUSTICE LEE.

THIS writ of error concerns the issuance of a retail liquor store license by the Manager of Safety and Excise of the City and County of Denver. Plaintiffs in error were the unsuccessful protestants to the issuance of the license to the intervenor, Mary C. DeBell. They sought to set aside the decision of the Manager on review in the Denver District Court, which upheld the Manager's decision.

The record shows that the applicant applied for a retail liquor store license for the premises at 5424 West Jewell Avenue. This location is just west of the intersection of Jewell Avenue and Sheridan Boulevard in the Sheridan Plaza Shopping Center. The Manager designated a neigh-

borhood which extended a little more than one mile north and south along Sheridan Boulevard and a little less than one mile east and west along Jewell Avenue.

Petitions containing 751 valid signatures in favor of the issuance of the license were filed, whereas counter-petitions containing 379 valid signatures were filed protesting the issuance of the license. At the hearing nine witnesses testified in favor of and four against the issuance of the license. The evidence showed there were no retail liquor stores within the neighborhood designated by the Manager. The closest retail liquor store to the applicant's proposed place of business was approximately one mile.

Protestants here assert two errors: first, the testimony in support of the application did not establish either of the statutory requisites for the issuance of a liquor license; and, second, that the issuance of the license is not supported by the law applicable. We disagree and therefore affirm the judgment of the trial court.

Concerning the first assigned error, we find no need to dwell upon the evidence presented at the hearing. We comment only that there was ample competent evidence presented from which the Manager could conclude that the reasonable requirements of the neighborhood and the desires of the inhabitants thereof required the issuance of the license. It was the intention of the legislature to vest a wide discretion in local licensing authorities and all reasonable doubts as to the correctness of the decision of the licensing authority are to be resolved in its favor. Neither this Court nor the trial court may substitute its judgment for that of the licensing authority in determining whether a liquor license shall be granted. *Commissioners v. Bova,* 153 Colo. 230, 385 P.2d 590; *Gem Co. v. Geer,* 138 Colo. 420, 334 P.2d 744; *MacArthur v. Presto,* 122 Colo. 202, 221 P.2d 934; *Van DeVegt v. Commissioners,* 98 Colo. 161, 55 P.2d 703.

In support of protestants' second contention, it is argued that a licensing authority, in determining

the desires of the inhabitants and the reasonable requirements of the neighborhood, may not consider, among other factors, the convenience to the inhabitants as affecting their desire for a liquor outlet, or as it may bear upon the reasonable requirements of the neighborhood for a liquor outlet. In support of this proposition, protestants cite *Tavella v. Eppinger,* 152 Colo. 506, 383 P.2d 314. We do not consider this case as authority for the proposition urged. *Tavella* discussed the desire and convenience of "patrons of a bowling alley" and not the desire and convenience of the "inhabitants of the neighborhood." The convenience factor is a legitimate consideration, among others, upon which the inhabitants of the neighborhood may predicate their desire for a liquor outlet. Likewise, convenience of the inhabitants is relevant to the reasonable requirements of the neighborhood. We find no merit to this argument.

Protestants further argue that the Manager of Safety systematically excluded nine retail liquor businesses from the area designated as the neighborhood under consideration. We find no support in the record for this assertion. In *Hicks v. Capra,* 160 Colo. 248, 416 P.2d 362, we said:

"* * * In determining just what constitutes a given neighborhood, many factors must be taken into consideration, such as geography, terrain and barriers God-made and man-made. It is not just a matter of linear footage."

The designation of the extent, size and shape of the neighborhood is a matter within sound discretion of the licensing authority and, absent a showing of abuse in delineating the neighborhood, such will not be disturbed.

We conclude that the Manager of Safety did not act arbitrarily, nor abuse his discretion in granting the license in this case.

The judgment is affirmed.

MR. CHIEF JUSTICE MCWILLIAMS, MR. JUSTICE HODGES and MR. JUSTICE GROVES concur.