563 P.2d 373 (1977)
U-TOTE-M OF COLORADO, INC., a Colorado Corporation, Plaintiff-Appellee and Cross-Appellant,
v.
The CITY OF GREENWOOD VILLAGE, A Municipal Corporation, et al., Defendants-Appellants and Cross-Appellees.
No. 76-263.
Colorado Court of Appeals, Division I.
February 10, 1977.
Rehearing Denied March 3, 1977.
Certiorari Denied May 9, 1977.
*374 Simon, Eason, Hoyt & Malone, P.C., R. Val Hoyt, James H. Unterspan, Englewood, for defendants-appellants and cross-appellees.
Grossman, Galchinsky, Silverstein & Grossman, Herbert H. Galchinsky, Denver, for plaintiff-appellee and cross-appellant.
COYTE, Judge.
Defendants, City of Greenwood Village and its City Council, appeal the judgment of the district court, directing the city to hold further proceedings in connection with plaintiff's application for a 3.2% fermented malt beverage license. Plaintiff cross-appeals urging that the district court should have ordered the license granted. We reverse the judgment and remand the cause.
Plaintiff presented to the city council a beverage license application in substantial conformity with designated procedures, and a public hearing on the matter was held March 17, 1975. Following the submission of evidence relative to the application, including a petition signed by 977 local residents attesting to the need for such an outlet, the hearing was closed and the matter tabled. The council stated it would consider the facts and evidence for the purposes of formulating a final decision.
At the March 24th meeting of the city council, a neighborhood resident presented to the council a second petition consisting of the signatures of 328 persons opposed to the issuance of the license, and requested that the hearing be reopened. The council determined that the matter should be "untabled" for the submission of additional evidence. Plaintiff, who had no representative at this meeting, was notified of the decision. The premises were posted a second time and the requisite notice published.
The second public hearing took place on May 5, 1975. Persons opposing the license offered evidence in support of its denial and presented a petition containing 609 signatures of persons opposed to the license. Thereafter, the council found that the neighborhood was adequately served by existing outlets, that the desires of the inhabitants in this regard were satisfied, and that a substantial number of persons living in the area opposed the license. Accordingly, the council determined no license should be granted.
Plaintiff thereafter commenced this action for judicial review pursuant to C.R.C.P. 106(a)(4). The district court found it had jurisdiction to review the matter and, after consideration of the record, ruled that the second hearing was not a continuation of the first hearing but a completely different *375 proceeding, and, as such, was without legal authority. The court remanded the matter and ordered the council to reconsider the application on the basis of evidence presented at the first hearing only.

I.
Asserting that plaintiff failed to perfect its complaint by not verifying the complaint or filing an affidavit and by not requesting the issuance of a citation to show cause, the city contends that therefore the district court was without jurisdiction to review the council's action. The district court rejected this argument, and we agree with that ruling.
C.R.C.P. 106(a)(4) provides in part:
"Upon the filing of the complaint the court shall direct the issuance of a citation to the inferior tribunal to show cause why the relief requested shall not be allowed. If the complaint is supported by an affidavit the order to show cause may be issued, or the court may forthwith order the inferior tribunal, or any person having custody of the records of the proceedings described in the complaint, to certify to the court at a specified time and place a transcript of the record and proceedings . . .."
The city's interpretation of the rule is that either an affidavit and citation to show cause are necessary to commence review, or alternatively, that in the event the complaint is supported by an affidavit, the plaintiff may obtain an order to certify the record rather than obtain the citation.
The clear language of the rule renders defendant's construction untenable. Two situations are contemplated in the respective sentences of the rule set forth above. First, a complaint neither verified nor accompanied by an affidavit suffices to initiate a proceeding for review. A citation to show cause need not thereafter issue as such orders presuppose a judicial discretional authority. Berry v. State Board of Parole, 148 Colo. 547, 367 P.2d 338 (1961). Second, if, as the rule expressly states, an affidavit supports the complaint, such affidavit may provide the basis for additional action by the court. The language of the rule does not require the submission of an affidavit or verification of the complaint in order to perfect an action for review, and we are not at liberty to disregard the plain terms of the rule. American Metal Climax, Inc. v. Claimant in re Death of Butler, 188 Colo. 116, 532 P.2d 951 (1975). The decisions relied on by defendant in support of its position, e.g., Drainage District No. 4 v. Askew, 138 Tenn. 136, 196 S.W. 147 (1917), are distinguishable by reason of the precise statutes involved and in any event are not controlling in this jurisdiction.
Similarly, there is no merit to the city's assertion that plaintiff's failure to request an order certifying the record within 30 days of the council's decision requires dismissal of the complaint. Plaintiff was required only to "apply for review" within the prescribed 30 day period, § 12-46-107(7), C.R.S. 1973, and it is not disputed that the complaint was timely filed.
While an action seeking judicial review must be perfected as well as commenced within the established time period, City & County of Denver v. District Court, Colo., 540 P.2d 1088 (1975), the complaint in this case was adequate to confer jurisdiction on the district court, C.R.C.P. 106(a)(4); and see Mesch v. Board of County Commissioners, 133 Colo. 223, 293 P.2d 300 (1956), and we conclude that the request for an order to certify the record was not necessary to the perfection of plaintiff's action. Such orders are not issued under C.R.C.P. 106(a)(4) merely as a matter of course, Berry v. State Board of Parole, supra, and neither Rule 106(a)(4) nor any other pertinent rule of procedure requires a plaintiff to request certification. Therefore, those decisions in which an appeal is dismissed for failure to comply with an applicable procedural requisite such as joinder of an indispensable party, see City & County of Denver v. District Court, supra, are not controlling here. Plaintiff's complaint was thus both timely and sufficiently perfected for purposes of review.

*376 II.
The second question presented by this appeal is whether the council acted within its discretion in granting a further hearing on the matter of the license application. We conclude that it did.
Judicial authority is divided relative to the issue of whether an administrative body may reconsider a matter previously determined by a final decision. See Annot., 73 A.L.R.2d 939 (1958). However, even assuming the second hearing was not simply a continuance, but in effect constituted a new proceeding, the council's action was nevertheless not final prior to its rendition of findings and denial of the application. At the conclusion of the first hearing, the matter was tabled for the purpose of considering the evidence and arriving at a decision. The council had not at that point relinquished control of the matter, and the petition was therefore subject to reconsideration. See Board of Education v. Iowa State Board of Public Instruction, 261 Iowa 1203, 157 N.W.2d 919 (1968); American Smelting & Refining Co. v. Arizona Air Pollution Control Hearing Board, 113 Ariz. 243, 550 P.2d 621 (1976).
In view of the foregoing analysis, the decisions cited by plaintiff in support of its theory, e.g., Slosburg v. City of Omaha, 183 Neb. 839, 165 N.W.2d 90 (1969) are inapplicable. No final decision was reopened here.
Defendants did not contravene the terms of § 12-47-141(3), C.R.S. 1973, nor the ordinances of the city by failing to issue a written decision within 30 days of the March 17th hearing. As a second hearing had become necessary, the period of limitation is properly measured from the conclusion of the second hearing. The council published its written decision within 30 days of the May 5th hearing and thus complied with the statutory requirements.

III.
Plaintiff last contends that even if the evidence adduced at the second hearing was properly before the council, denial of the license was nevertheless an abuse of its discretion. We do not agree.
In regard to an application for a 3.2% beer license, local authorities are to consider the reasonable requirements of the neighborhood and the desires of the inhabitants, § 12-46-105(1)(c), C.R.S. 1973, and are afforded wide discretion in the performance of their duties. Board of County Commissioners v. Bova, 153 Colo. 230, 385 P.2d 590 (1963). All reasonable doubts as to the correctness of the administrative body's ruling must be resolved in its favor, and unless an abuse of discretion is shown, the administrative determination will not be disturbed. Where reasonable men fairly and honestly considering the evidence would not be compelled to reach a different conclusion, there has been no abuse of discretion. Kerr v. Board of County Commissioners, 170 Colo. 227, 460 P.2d 235 (1969).
Here, the council stated its findings in detail and specifically based its decision on the grounds that the neighborhood was adequately served by existing outlets and that a substantial number of persons living in the area opposed the granting of the license. It is not dispositive that plaintiff obtained more signatures in favor of the license than were presented by defendant in opposition, Vigil v. Burress, 157 Colo. 507, 404 P.2d 147 (1965), nor is this a case where no similar outlet existed within the community. See Board of County Commissioners v. Skaff, 139 Colo. 452, 340 P.2d 866 (1959). While testimony was presented regarding the teenage drinking problem at an adjacent high school and the possible adverse effect issuance of the license would have on the problem, these factors alone were not the basis of the council's denial, and thus their presence in the record does not mandate reversal. See Mobell v. Meyer, 172 Colo. 12, 469 P.2d 414 (1970).
In conclusion, the council acted within its discretion in ordering the second hearing. As the record in its entirety reveals no abuse of discretion on the part of the council in denying the license, its decision must be upheld on review. Board of County Commissioners v. Bova, supra. The district court therefore erred in ordering the council *377 to reconsider the application in light of evidence presented at the first hearing only.
The judgment is reversed and the cause remanded with directions to dismiss the complaint.
SILVERSTEIN, C. J., and VanCISE, J., concur.