## No. C-974

**George A. Canjar, Director of Excise and Licenses of the City and County of Denver, Dan Cronin, Manager of Safety and Ex-Officio Sheriff of the City and County of Denver, John B. Kalbin, Hearing Officer, and the City and County of Denver v. Delfino Huerta**

(566 P.2d 1071)

Decided July 25, 1977.

Max P. Zall, City Attorney, Lloyd K. Shinsato, Assistant, Charles E. Sellner, Assistant, for petitioners.

Pacheco and Auer, P.C., Donald N. Pacheco, Robert G. Leo, Jr., Harvey N. Winchester, for respondent.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

In 1974, on the basis of evidence presented at a public hearing, the Director of Excise and Licenses rejected the application of the respondent, Delfino Huerta, for an application for a "beer and wine license" for his restaurant which served Mexican food, section 12-47-111, C.R.S. 1973.[1] The director concluded that the requirements of the neighborhood were being met, and the district court affirmed. In *Huerta v. Canjar*, 37 Colo. App. 462, 550 P.2d 897 (1976), the court of appeals reversed the decision of the district court and ordered that the license be issued. The court of appeals held that it was improper to deny a requested license where there were no other restaurants in the neighborhood licensed to serve only beer and wine, although other restaurants in the neighborhood were authorized to sell beer, wine and spiritous liquors, section 12-47-112, C.R.S. 1973.[2] We granted certiorari to review this decision and we now reverse.

■ Statute and case law establish a two-fold standard for evaluating a liquor license application. The licensing authority must determine both the reasonable requirements of a neighborhood and the desires of its inhabitants. Section 12-47-116(2), C.R.S. 1973.[3] *See Board of County Commissioners v. Johnson*, 170 Colo. 259, 460 P.2d 770 (1969); *Tavella v. Eppinger*, 152 Colo. 506, 383 P.2d 314 (1963); *Board of County Commissioners v. Whale*, 154 Colo. 271, 389 P.2d 588 (1964); *Heinz v. Bauer*, 150 Colo. 589, 375 P.2d 520 (1962). Thus, in making a licensing decision, the relevant consideration is neither the needs of the applicant, nor even the desires of the *patrons. See Board of County Commissioners v. Bova*, 153 Colo. 230, 385 P.2d 590 (1963). The statutory scheme in this state vests in the local licensing board the authority to determine the need for the issuance of particular licenses for the sale of alcoholic beverages. *See Board of County Commissioners v. Bova, supra; Jennings v. Hoskinson*, 152 Colo. 276, 382 P.2d 807 (1963); *Heinz v. Bauer, supra.* Neither this court nor other courts may substitute their judgment for that of the local licensing authority when there is any evidence in the record that supports its conclusion.

■ In reaching its decision, the licensing authority may consider a wide range of information including petitions, remonstrances, testimony from residents, and, of course, the number, type and location of existing liquor outlets. *See* section 12-47-116(2), C.R.S. 1973; *Board of County Commissioners v. Bickel*, 155 Colo. 465, 395 P.2d 208 (1964). The fact that a particular type of license is not authorized in the neighborhood does not require the issuance of such a license, if, in fact, the needs of the neighborhood, with respect to the type of beverage authorized to be sold by the license requested, are being met by existing licenses.

---

[1] Now 12-47-118, C.R.S. 1973 (1976 Supp.).
[2] Now 12-47-119, C.R.S. 1973 (1976 Supp.).
[3] Now 12-47-106(2), C.R.S. 1973 (1976 Supp.).

■ Here the records show that at the public hearing petitions were submitted which contained 208 signatures in favor of the license and 275 signatures in opposition. Testimony was taken from two witnesses supporting and three witnesses opposed to the granting of the license. Additionally, there was evidence that there were numerous liquor outlets in the neighborhood including some with "hotel and restaurant licenses," section 12-47-112, C.R.S. 1973, (and including a restaurant which sold Mexican food) which authorized the sale of beer, wine and spirits by the drink.

■ Where, as the record here shows, there is sufficient evidence to support the judgment of the licensing authority, its decision will be affirmed. *See Tavella v. Eppinger, supra; Jennings v. Hoskinson, supra. Cf. Board of County Commissioners v. Skaff*, 139 Colo. 452, 340 P.2d 866 (1959).

The judgment of the court of appeals is reversed.