## No. 27609

**Information Please, Inc., John Amen, Reuben Bostron, George Green, and Harold Griffith v. The District Court in and for Morgan County and Judge Earl A. Wolvington, Board of County Commissioners of Morgan County, Planning Commission of Morgan County, and Public Service Company of Colorado**

(568 P.2d 1162)

Decided September 12, 1977.

Birmingham, White, Burke & Ipsen, Michael D. White, Raymond L. Petros; Alpert & Teichman, Peter Alpert, for petitioners.

George M. Reddin, for respondent Board of County Commissioners of Morgan County.

E. Ord Wells, for respondent Planning Commission of Morgan County.

Kelly, Stansfield & O'Donnell, Fred Witsell, Richard W. Bryans, Timothy J. Flanagan; C. H. Anderson, for respondent Public Service Company of Colorado.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

Pursuant to C.A.R. 21, the petitioners sought relief in the nature of mandamus. We issued a rule to show cause and now make the rule absolute.

The Public Service Company filed an application with the Board of County Commissioners of Morgan County to rezone 1680 acres of land to permit construction of a coal-fired-steam electric generating station near Brush, Colorado. Following a hearing, the land was rezoned and a special use permit was granted.

The petitioner (Information Please, Inc.) filed·a complaint in the district court requesting certiorari review of the rezoning decision made by the Board of County Commissioners pursuant to C.R.C.P. 106(a)(4). The Public Service Company filed a motion to dismiss the complaint on the ground that the petitioner failed to perfect its right to certiorari review within thirty days because the petitioner had not obtained a citation to show cause from the court. The district court granted the motion to dismiss. The district court found that no citation to show cause had been issued to the Board of County Commissioners of Morgan County nor had any order issued requiring the Board of County Commissioners of Morgan County to certify a transcript of the record and proceedings to the district court for review within the thirty-day limitative period.

C.R.C.P. 106(a)(4) provides the exclusive remedy for challenging a rezoning determination and the time limitations for certiorari review are delineated in C.R.C.P. 106(b). *Westlund v. Carter*, 193 Colo. 129, 565 P.2d 920 (1977); *Snyder v. City of Lakewood*, 189 Colo. 421,

542 P.2d 371 (1975).

██ Petitioners challenge the district court's construction of the requirements under Rule 106. Subsection (b) provides that the action must be "filed in the district court not later than 30 days from the final action taken by said tribunal." The district court concluded that perfection of an appeal under Rule 106 required that the plaintiff cause the district court to issue a citation within the same thirty-day period. No case support exists for such a conclusion, and a literal reading of the rule forecloses such an interpretation.

If the district court were correct, numerous plaintiffs would be deprived of their right to certiorari review. Under such an interpretation of our rule, a plaintiff could file a complaint on the thirtieth day before the close of the clerk's office, in strict compliance with the letter of the rule, and yet have his action dismissed for lack of jurisdiction if a citation to show cause was not issued at the same time. Such a result is unjust and contrary to the clear intent of the rule.

C.R.C.P. 106(a)(4) provides:

*"Rule 106. Forms of Writs Abolished*

*"(a) Habeas Corpus, Mandamus, Quo Warranto, Certiorari, Prohibition, Scire Facias and Other Remedial Writs in the District Court. . . .*

. . . .

"(4) Where an inferior tribunal (whether court, board, commission or officer) exercising judicial or quasi-judicial functions, has exceeded its jurisdiction or abused its discretion, and there is no plain, speedy and adequate remedy. Upon the filing of the complaint the court shall direct the issuance of a citation to the inferior tribunal to show cause why the relief requested shall not be allowed. If the complaint is supported by an affidavit the order to show cause may be issued, or the court may forthwith order the inferior tribunal, or any person having custody of the records of the proceedings described in the complaint, to certify to the court at a specified time and place a transcript of the record and proceedings or such portion thereof as the court may direct. If a stay of proceedings is granted the citation or order shall so state. Review shall not be extended further than to determine whether the inferior tribunal has exceeded its jurisdiction or abused its discretion;"

██ The petitioner in this case was unable to obtain review by certiorari in accordance with the provisions of C.R.C.P. 106. The issuance of a citation to show cause under C.R.C.P. 106 lies within the district court's broad discretionary powers. The district court may dismiss a complaint filed pursuant to C.R.C.P. 106 if the complaint is defective on its face or if no relief can be granted. *Accord, Berry v. Parole Board,* 148 Colo. 547, 367 P.2d 338 (1961).

■ The court of appeals, in *U-Tote-M of Colorado, Inc. v. City of Greenwood Village*, 39 Colo. App. 28, 563 P.2d 373 (1977), declared that the issuance of a citation to show cause is not necessary to commence review under C.R.C.P. 106, which we believe is a proper interpretation of the rule. The commencement of review, however, does not mean that there is no duty on the petitioner to see that a citation is issued within a reasonable time. That issue is not before us in this case and is, therefore, not addressed.

Accordingly, the rule is made absolute, and the district court is directed to reinstate the petitioner's complaint for certiorari review.

MR. JUSTICE LEE does not participate.