No. 16,618.

MacArthur, Manager of Safety of Denver *v.*
Bishop et al.
(230 P. [2d] 589)

Decided April 16, 1951.

Mr. J. Glenn Donaldson, Mr. Pierpont Fuller, Mr.
Abe L. Hoffman, Mr. E. F. Conly, for plaintiff in error.

Messrs. Lee, Bryans, Kelly & Stansfield, Mr. Alfred
J. Hamburg, for defendants in error.

*En Banc.*

MR. JUSTICE STONE delivered the opinion of the court.

APPLICATION was made by defendants in error, who already held a beer and wine license, for a hotel and restaurant liquor license for their Inn located at 2117 Welton Street, in the City and County of Denver. This was supported by petitions containing more than 1200 signatures of inhabitants of the neighborhood requesting that the license be granted and by testimony of several neighbors at the hearing before the licensing authority. No remonstrances or testimony in opposition were received. At the hearing there was put in evidence a plat showing the number of liquor outlets within a radius of six blocks of the premises for which the license was sought. Thereafter the license was denied by plaintiff in error as licensing authority without specific finding other than statement that "After a full study of all the evidence adduced at said hearing in addition to a study of the petitions and liquor outlets, it is my opinion that the application should be and is hereby denied." Petitioners thereafter brought suit in the district court alleging that the reasonable requirements of the neighborhood necessitate that the license be issued; that the evidence presented before the licensing authority so showed, and that the denial of the petition was arbitrary and without cause and constituted an abuse of discretion. Defendant put in issue the allegations of the complaint and certified a transcript of the proceedings before him, and therefrom the trial court found in favor of petitioners and ordered issuance of the license as prayed for. That judgment is before us for review.

The first question to be answered is the sufficiency of the evidence to support the determination of the licensing authority.

The plat in evidence disclosed the existence of ninety-three outlets within a radius of six blocks of the

454

premises for which the license was sought. Of these, more than half were hotel and restaurant licenses. This evidence was sufficient to support the denial of the license. *MacArthur v. Sanzalone*, 123 Colo. 166, 225 P. (2d) 1044; *MacArthur v. Bucklen*, 123 Colo. 41, 225 P. (2d) 58; *MacArthur v. Presto*, 122 Colo. 202, 221 P. (2d) 934. Opinions in these cases were handed down subsequent to the trial of this cause.

██ ██ Decision of MacArthur. as licensing authority is further challenged in this case because of his failure to make any findings or state any reason for his refusal to grant the license. This, it is urged, in itself, constitutes excess of jurisdiction and arbitrary and capricious action. Here, standards for the regulation of the licensing authority are set up in the statute; to wit, the character of petitioner, the desires of the inhabitants and the reasonable requirements of the neighborhood. There is substantial evidence to support his action based on the last of those standards, and the decision is not the mere expression of the unguided choice of the licensing authority. Counsel quote from 42 American Jurisprudence, page 494, section 149, with reference to the necessity of findings, but fail to note the subsequent statement in the same paragraph: "There is a distinction between what may be termed quasi-jurisdictional findings, which are indispensable, and the complete statement of the grounds of a commission's determination, which is desirable for the proper consideration of the case in the courts, but the absence of which is not fatal to the validity of the order." The statute contains no requirement of formal findings, no jurisdictional or quasi-jurisdictional determination or finding was required, and no specific findings were requested and refused. We think none were here necessary.

The judgment is reversed.

MR. JUSTICE HOLLAND dissents.