No. 19,252.

ISABELLE ANN LE PORE *v.* A. M. LARKIN, ET AL.

(361 P. [2d] 343)

Decided April 24, 1961.

Mr. WALTER F. SCHERER, for plaintiff in error.

Mr. THEO D. SCHEY, JR., for defendants in error.

*En Banc.*

MR. JUSTICE SUTTON delivered the opinion of the Court.

PLAINTIFF in error was plaintiff in the trial court and will be so designated here. Defendants in error, defendants below, will be referred to as the council. Plaintiff applied for a hotel and restaurant liquor license pursuant to the Liquor Code of 1935 (C.R.S. '53, 75-2-1 et seq.). The application was made to the City Council of the City of Longmont. A hearing was held before the council at which time evidence was taken, at the conclusion of which the council denied the application. Thereafter plaintiff sought review in the nature of certiorari in the District Court of Boulder County where after argument, denial of the application was affirmed. Plaintiff is here by writ of error seeking reversal.

The evidence offered on behalf of plaintiff at the hearing before the council consisted of a stipulation of facts. Among the pertinent recitations were the following, to-wit: that plaintiff operates a restaurant known as LePore's Italian Food, located at 30 South Main Street, Longmont, Colorado, on U. S. Highway No. 287, a principal north-south highway through Longmont; applicant anticipates that a substantial portion of her business during the summer months will be derived from tourists using said highway; the premises are located in an area zoned for business and the immediate neighborhood consists predominantly of business establishments; there are no other licenses for the public sale of malt, vinous and spirituous liquors within a five-mile radius of applicant's premises.

At the hearing plaintiff presented a petition, with eighteen signatures, requesting the council's favorable consideration of her application. All of the signers of

this petition operate business establishments within a three block radius of plaintiff's restaurant. From the minutes of the council it appears that the testimony of several witnesses, some favoring and some opposed to the granting of the license, was heard. It was not shown whether these persons resided in the neighborhood of plaintiff's restaurant. A remonstrance opposing the granting of a license to plaintiff, signed by 645 persons, was presented. As to some signatures appearing thereon no proper addresses were given; for example, a few showed "Boulder County"; some showed only street addresses with no town, but most of them showed addresses in the City of Longmont but not within what could be called the neighborhood involved here. Only two lived within a three block radius of applicant's business, and 36 within a six block radius. The remonstrances stated, *inter alia:*

"We believe the application should be denied. We oppose the granting of any such license as creating a public nuisance, tending to lower the moral standard of our community and being contrary to established public policy within the community. We feel there are suitable sources currently existing for those desiring spirituous liquors through the several club licenses and package liquor stores."

Applicant objected to such remonstrances being considered by the council on the ground that the signers thereof were not residents of the neighborhood involved.

Testimony was presented to the effect that there were five club licenses in Longmont, but no outlets open to the public. At the conclusion of the hearing, a resolution to grant the application was rejected and the application denied. Plaintiff's counsel presented a request in writing for a statement of council's reasons for denying the license. Evidently two resolutions had been prepared in advance for the council's consideration, one granting and one denying the application. He was furnished a

315

copy of the one denying the license and was referred to the City Attorney for further information.

The statute (C.R.S. '53, 75-2-9) provides that local licensing authorities have authority to refuse to issue any licenses for "good cause," subject to review by the courts. It is provided that upon review, the court shall determine "whether said refusal was arbitrary and without good cause." C.R.S. '53, 75-1-7.

 From the record before us it does not appear that the statute has been satisfied by the council's action in this case. No findings based upon the documents and evidence before it were made. No cause for denial of the application, other than the desire of some members to submit the question of whether such license should be granted to a vote of the people, appears from the record. It is not required that the council make findings of fact equivalent to that of a trial court, but they must be sufficient to furnish a basis for judicial review if the statutory requirements are to be fulfilled. See *Geer v. Stathopulos* (1957), 135 Colo. 146, 309 P. (2d) 606.

*Commissioners v. Salardino* (1958), 138 Colo. 66, 329 P. (2d) 629, is relied on by defendants. There denial of a license was affirmed upon findings of the Board of County Commissioners which adequately supported its determination; and the Board made a specific determination of the "neighborhood" involved, a major requirement of the statute with which these defendants apparently made no effort to comply.

 This record indicates that the only licenses presently existing in the City of Longmont are for private clubs and package liquor stores, thus under this record, where more favor than disfavor the license in the immediate neighborhood, there is no basis upon which the application of plaintiff may legally be denied since there are no licenses of the type sought within a five mile radius. See *Cloverleaf Kennel Club. v. Commissioners* (1957), 136 Colo. 441, 319 P. (2d) 487; *Buddy and Lloyd's Store No. 1, Inc. v. Aurora* (1959), 139 Colo. 152, 337 P.

(2d) 389, and compare *Gem Bev. v. Geer* (1959), 138 Colo. 420, 334 P. (2d) 744.

■ The votes of the members of the council who opposed granting of the application, appear to have been grounded on the view that the public policy of their city opposed such a license. The fact is, however, that the legislature has already established the public policy for the entire state and it is to the contrary. This cannot be overridden by local governments by mere fiat nor ignored by the courts.

■ If a majority of the qualified voters of the City of Longmont are opposed to the sale of intoxicating liquor, a means is at hand of enforcing their desires. See C.R.S. '53, 75-2-30. However, we are not confronted with a local option situation here, and licensing procedures must not be used as a means of establishing local option and circumventing statutory requirements. See *Maurer v. Boggs,* 103 Colo. 72, 82 P. (2d) 1099; *Colorado Springs v. Graham,* 143 Colo. 47, 352 P. (2d) 273.

The judgment is reversed and the cause remanded to the trial court with directions to enter an order directing the city council to issue the license to plaintiff.

MR. JUSTICE MOORE not participating.

MR. JUSTICE McWILLIAMS dissents.

MR. JUSTICE McWILLIAMS dissenting:

The City of Longmont stated that its reason for denying plaintiff's application was that in its judgment "the reasonable requirements of the neighborhood are amply supplied, and the desires of the inhabitants as aforesaid are opposed to same." The issue now to be determined is whether the City Council in so holding abused its discretion, acted capriciously and in disregard of the evidence before it.

C.R.S. '53, 75-2-9, provides that a local liquor licensing authority shall consider "the reasonable requirements of

the neighborhood and the desires of the inhabitants as evidenced by petitions, remonstrances or otherwise * * *." Both factors, i.e., the requirements and desires of the neighborhood, must be considered and weighed together by the licensing authority. No other tests or standards are laid down by the General Assembly. It is my considered judgment that the City Council of Longmont did not act arbitrarily or capriciously when it denied plaintiff's application. Whether it acted reasonably or arbitrarily depends, of course, upon the nature and amount of evidence presented upon hearing. Accordingly, it becomes necessary to review and analyze the evidence produced at the hearing before the City Council.

Whether plaintiff presented sufficient evidence to establish a prima facie case that the reasonable requirements of the neighborhood dictated the issuance of a liquor license is certainly a matter upon which reasonable minds might well differ. The mere lack of an existing outlet in the neighborhood does not in and of itself prove that the reasonable requirements of the neighborhood for liquor are not being met. It is conceivable that a neighborhood even in this day and age could be composed of inhabitants who do not drink alcoholic beverages. In such circumstances one outlet would be one too many insofar as the reasonable requirements of the particular neighborhood were concerned. And the fact of no existing liquor outlet of the type here sought is just about the only evidence plaintiff offered to show that the reasonable requirements of the neighborhood were not met. In other words the applicant must go further and show that the particular neighborhood involved reasonably requires the existence of the proposed outlet. See *Commission v. Salardino*, 138 Colo. 66, 329 P. (2d) 629; *The Hauf Brau, et al. v. Board of County Commissioners*, 145 Colo. 522, 359 P. (2d) 659, decided February 27, 1961. The fact that motoring tourists may desire alcoholic beverages to break the monotony of their travel or contribute to the enjoyment of their journey, is a

matter not provided for by our statute. Perhaps many believe it should be, but it is not. The test prescribed by the statute is the reasonable requirement of the neighborhood where the proposed outlet is to be situated and not the requirements of those who reside outside the neighborhood but who on occasion may patronize such establishment while passing through.

Additionally, evidence as to the desires of the inhabitants of the neighborhood is such that the City Council may not be charged with arbitrary or high-handed action by concluding that such desires were against the issuance of the license. Plaintiff's evidence consisted essentially of a petition signed by eighteen persons who favored the issuance of the license. It would appear that each of these eighteen persons either worked or had a business located within a three-block radius of plaintiff's restaurant, but that none of them were really inhabitants of the neighborhood in the sense that they resided within that area. From the record it is ascertained that there is a relatively small industrial or business area immediately surrounding plaintiff's restaurant and beyond this residential area. A petition against the issuance of the license was signed by 645 persons, two of whom *resided* within a 3 block radius of plaintiff's restaurant; 36 within a 6 block radius, 392 within a 12 block radius, with the balance living outside the 12 block radius, but still residing, with a few exceptions, in Longmont. Plaintiff contends that the "neighborhood" consisted only of that area within a 3 block radius of plaintiff's restaurant, and not one inch more. No authority is cited for thusly limiting the licensing authority in its determination as to what constituted the neighborhood. As a matter of fact, since apparently none of those who signed plaintiff's petition *reside* within the 3 block area of the restaurant, plaintiff is in no position to claim them as "inhabitants" of the neighborhood within the meaning of the statute. See *MacArthur v. Presto*, 122 Colo. 202, 221 P. (2d) 934; *Quedens v. J. S. Dillon and Sons Stores*

*Co.,* 146 Colo. 161, 360 P. (2d) 984 (decided April 3, 1961), and *MacArthur v. Bishop,* 123 Colo. 452, 230 P. (2d) 589.

The foregoing recitation is simply intended to demonstrate that on the basis of the evidence presented to the City Council whether the license should, or should not, issue is at the very least a matter upon which reasonable minds might differ. If such be the case the power of decision rests with the licensing authority which is vested with wide discretion by the statute, and we should not substitute our judgment for theirs. See *Gem Beverage Co. v. Geer,* 138 Colo. 420, 334 P. (2d) 744.

The judgment should be affirmed.