No. 19,900.

The KBT Corporation *v.* James H. Walker, et al.
(365 P. [2d] 685)

Decided October 23, 1961.

Mr. Walter F. Scherer, Messrs. Bell and Brandenburg, for plaintiff in error.

Mr. John F. Edwards, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.

WE will refer to plaintiff in error as petitioner, and to defendants in error as respondents or the council.

Respondents function as the licensing authority under the liquor code for the city of Sterling. Petitioner applied for a Hotel and Restaurant license to sell malt, vinous and spirituous liquors at retail on the premises known as the Graham hotel in Sterling. Signatures of 635 citizens of the area were affixed to petitions favoring the granting of the license, and petitions containing signatures of 618 persons were filed in opposition to the license.

A hearing was held by the respondents and twenty-four witnesses testified, some favored granting the license and others opposed it. The matter was taken under advisement and two weeks after the hearing the application was denied by a four to three vote of the council. Those who voted to reject the application filed a document entitled "Reasons for Denial." In summary, the "reasons" specified were as follows: (1) The Chief of Police opposed granting the license; (2) the decision was based on all the evidence and from "personal investigation," "personal knowledge" and from "personal contacts with the residents, citizens and taxpayers within their respective wards and at large"; (3) there was no showing that "a majority of the inhabitants of the city desired the issuance of a license" for the outlet applied for; (4) the petitioner did not show the need for the license; and (5) the majority of the respondents in good faith, from all the evidence and "from the facts within their personal knowledge" concluded that the reasonable requirements of the neighborhood do not call for the issuance of the license.

On review of the proceedings in the district court, the action of the council was upheld, and the petitioner is here by writ of error.

It is undisputed that there is not a single hotel and

restaurant license in the entire city of Sterling. At the oral argument counsel for respondents was asked if he knew how far it was from Sterling to the nearest authorized outlet of the kind applied for by petitioner. His response was — the city of Julesburg to the northeast, or the city of Brush to the southwest. These outlets are many miles distant from the city of Sterling.

As grounds for reversal it is argued by counsel for petitioner that there is no evidence to support the findings of respondents that the reasonable requirements of the neighborhood are adequately served by existing outlets. It is asserted in effect that since there is no such outlet within a radius of at least thirty-five miles from Sterling the neighborhood of which Sterling is the center is neither amply supplied nor supplied at all. There is no answer to this argument. The recent decisions of this court in *Buddy and Lloyd's Store v. City of Aurora, et al.,* 139 Colo. 152, 337 P. (2d) 389; *Ladd v. Commissioners,* 146 Colo. 366, 361 P. (2d) 627; *LePore v. Larkin, et al.,* 146 Colo. 311, 361 P. (2d) 343, are fully applicable to the instant case.

The respondents in rejecting the application, seem to have labored under the misapprehension that a majority of the people of a locality must favor the issuance of a license before it may be granted. There is only one method by which a "majority vote" can determine whether the sale of intoxicating liquor in any form shall be authorized or prohibited within a municipality. C.R.S. '53, 75-2-30, provides the method (local option) by which the electorate may decide for or against the right to sell malt, vinous or spirituous liquors, or to limit such sales to any one or more of the several classes of licenses authorized by the statute.

The General Assembly of the State of Colorado has authorized the issuance of hotel and restaurant liquor licenses throughout the state. The public policy has thus been determined. Where no such license ever has been issued in an area of the size and population

disclosed by the record here, and where substantial support therefor is shown, it cannot be said that the reasonable requirements of the area have been met.

The judgment is reversed and the cause remanded with directions to order the issuance of the license as prayed for by petitioner.

Mr. Chief Justice Hall and Mr. Justice Day concur.