No. 20,770.

WILLIAM R. FARMER *v.* THE CITY COUNCIL OF THE
CITY OF WRAY, ET AL.
(385 P. [2d] 596)

Decided October 7, 1963.

Mr. FRANCIS A. BENEDETTI, for plaintiff in error.

Messrs. GRUTTER and CALLAHAN, for defendants in error.

Mr. GLENN S. THOMPSON, for intervenors.

*In Department.*

Opinion by MR. JUSTICE MOORE.

PLAINTIFF in error, to whom we will refer as the applicant, petitioned the city council of Wray, Colorado, for the issuance of a restaurant liquor license in connection

with his business in that city which he operated under the name of Farmers Cafe.

November 6, 1962, the city council held a hearing on said application, which was supported by 203 signers residing in the area who favored issuance of the license. Issuance of the license was resisted by the signatures of 718 persons affixed to petitions in opposition. Each opposing petition contained the following statement:

"It is the (our) belief that the establishment of a place selling liquor and/or beer at the above location is unnecessary and undesirable from the standpoint of safety, morality, and peaceful living of the citizens of the community, and of the trade area surrounding the City of Wray.

"We, the undersigned, therefore, hereby declare our opposition to the granting of such license."

The application was denied by the city council and in the district court the action of the council was upheld. Farmer seeks reversal of the judgment by writ of error.

■ The record discloses that there are no restaurant liquor licenses in the city of Wray, and it is admitted that there are no such liquor licenses in the entire county of Yuma, and that the nearest outlet of the kind sought by applicant is about fifty miles distant from the city.

In determining this controversy we think it sufficient to direct attention to the language of this court in *The KBT Corporation v. Walker, et al.*, 148 Colo. 274, 365 P. (2d) 685, as follows:

"As grounds for reversal it is argued by counsel for petitioner that there is no evidence to support the findings of respondents that the reasonable requirements of the neighborhood are adequately served by existing outlets. It is asserted in effect that since there is no such outlet within a radius of at least thirty-five miles from Sterling the neighborhood of which Sterling is the center is neither amply supplied nor supplied at all. There is no answer to this argument. The recent decisions of this court in *Buddy and Lloyd's Store v. City of Aurora*,

*et al.,* 139 Colo. 152, 337 P. (2d) 389; *Ladd v. Commissioners,* 146 Colo. 366, 361 P. (2d) 627; *LePore v. Larkin, et al.,* 146 Colo. 311, 361 P. (2d) 343, are fully applicable to the instant case.

"The respondents, in rejecting the application, seem to have labored under the misapprehension that a majority of the people of a locality must favor the issuance of a license before it may be granted. There is only one method by which a 'majority vote' can determine whether the sale of intoxicating liquor in any form shall be authorized or prohibited within a municipality. C.R.S. '53, 75-2-30, provides the method (local option) by which the electorate may decide for or against the right to sell malt, vinous or spirituous liquors, or to limit such sales to any one or more of the several classes of licenses authorized by the statute.

"The General Assembly of the State of Colorado has authorized the issuance of hotel and restaurant liquor licenses throughout the state. The public policy has thus been determined. Where no such license ever has been issued in an area of the size and population disclosed by the record here, and where substantial support therefor is shown, it cannot be said that the reasonable requirements of the area have been met."

This language is fully applicable to the instant case.

The judgment is reversed and the cause remanded with directions to order the issuance of the license as prayed by the applicant.

MR. CHIEF JUSTICE FRANTZ and MR. JUSTICE PRINGLE concur.