## No. 22106.

Roger L. Bolton and Marian J. Bolton, a Colorado Partnership *v.* Board of County Commissioners of the County of Delta, State of Colorado.

(432 P.2d 761)

Decided October 30, 1967.

FAIRLAMB & FAIRLAMB, TRAYLOR, KLADDER, HARSHMAN & PALO, WALTER F. SCHERER, for plaintiffs in error.

NICHOLAS E. DARROW, for defendant in error.

*In Department.*

Opinion by MR. CHIEF JUSTICE MOORE.

PLAINTIFFS in error, hereinafter referred to as applicants, filed their petition with the Board of County Commissioners of Delta county, in which they sought issuance of a hotel and restaurant liquor license for the sale of malt, vinous and spirituous liquors at premises known as the Spruce Lodge on the Grand Mesa in Delta county.

A hearing was held by the commissioners, at the conclusion of which the application was denied. The district court upheld the action of the Board of County Commissioners and applicants are here on writ of error seeking reversal of the judgment of the trial court.

The Board of County Commissioners found that the nearest license of the kind sought by applicants was located at Delta, Colorado, a distance of thirty-five miles from the Spruce Lodge, and that the nearest "package" store was at Cedaredge, a distance of twenty miles. Eighty-two persons "purporting to reside on Grand Mesa during the summer months" supported granting the license. The great majority of those registering a protest to the application came from the city of Delta and various other areas spread over the entire county of Delta. Little or no opposition was offered by persons who resided within a reasonable distance from the Spruce Lodge. The Board of County Commissioners found, *inter alia*:

"That the desires of the inhabitants as evidenced by petitions, remonstrances, and testimony are preponderantly against the granting of this license, it being the

conclusion of the Board of County Commissioners that all of the inhabitants of Delta County are the inhabitants of the area for which the license is sought, since the Grand Mesa is a Tourist area upon which there are no permanent residents and that the only inhabitants are those persons residing there during the summer months together with residents of Delta County, who visit the area, * * *."

We know of no authority which justifies the conclusion that the "neighborhood" involved in an application for a liquor license can be expanded to include an entire county. Examination of the record of proceedings before the licensing authority discloses that there was a very heavy preponderance of evidence favoring issuance of the license which came from those persons who were actually inhabitants of the "neighborhood" affected, even if the boundaries thereof were expanded to a radius of several miles from the Spruce Lodge. Admittedly, the reasonable needs of that community were not being supplied by any other outlets since the nearest comparable license was issued for premises thirty-five miles away. The holdings of this court in *Ladd v. Board of County Commissioners*, 146 Colo. 366, 361 P.2d 627; and *The KBT Corporation v. Walker*, 148 Colo. 274, 365 P.2d 685 are applicable.

The judgment of the district court is reversed and the cause remanded with directions to order the license to issue as prayed for by the applicants.

MR. JUSTICE MCWILLIAMS, MR. JUSTICE PRINGLE and MR. JUSTICE HODGES concur.