Mr. Justice Day
delivered the opinion of the Court.
This writ of error is directed to the judgment of the district court upholding the Board of County Commissioners of Douglas County in their denial of Kerr’s application for a license to dispense fermented malt beverage (commonly known as 3.2 beer) by the drink. The Board in denying the application made the following findings:
“That applicant desires the fermented malt beverage license for a club type operation in the extreme Northwest corner of Douglas County. That the club, which *229 appears to be completed and in existence, would accommodate approximately 150 customers expected to be drawn from the 18 to 28 year age group. That applicant intends to provide food services on the premises, that applicant has a good character and reputation.
“The Board finds that there is an existing fermented malt beverage outlet 2.8 miles north of the said location on Santa Fe Drive, being Lynn’s Grocery in Arapahoe County; that there is an additional such outlet at the Riverside Market in the community of Riverside Acres 2.0 miles to the southwest of such location in Douglas County; that 5.2 miles to the south on U.S. Highway No. 85 there is another 3.2% beer outlet serving the community of Louviers and that there is a similar outlet approximately 12 miles to the south at Sedalia, Colorado.
“The Board finds that the location for which the license is sought is within an undeveloped and sparsely populated area which necessarily leads to the conclusion that customers in the number capable of being accommodated at the club would have to be drawn from a wide area including colleges and high schools in metropolitan and suburban Denver, Littleton and the entirety of Douglas County.
“The Board has considered a petition (Exhibit 17) favoring the granting of the license sought bearing some 51 signatures secured from a relatively small area of Douglas County surrounding the location, but finds that such petition from the area defined in applicant’s Exhibit 18 is not wholly determinative of either the reasonable requirements or the desires of the neighborhood. The Board specifically finds that the reasonable requirement of the area defined by applicant is adequately met by the 3.2% beer outlet located 2.0 miles to the southwest of such location at Riverside Acres which is the only population center within such area.
“Taking into consideration the population centers within Douglas County at Riverside Acres, Louviers, Sedalia, and Castle Rock, all of which are served by a fermented *230 malt beverage outlet in their immediate vicinity, the Board finds that the reasonable requirement of the neighborhood, however the same may be defined, is being met by existing fermented malt beverage outlets as above mentioned.”
The district court in an action in the nature of certiorari to review the Board’s action upheld the decision of the Board. We reverse.
It is to be noted that all of the outlets referred to in the findings are for the sale of 3.2% beer in grocery stores and other establishments selling only by the “package” — not by the drink. Not one of the places provide a restaurant facility or recreation of any kind.
The applicant contends, and we agree, that in denying his application the Board acted arbitrarily, capriciously, and without good cause. It is argued that the Commissioners: (a) failed to exercise the discretion conferred upon them by the pertinent statute when they gave no consideration to the facts and circumstances shown by the application and the signers of the petition and the evidentiary matters in support thereof; (b) did not consider the application on its merits alone; (c) did not base its decision on matters peculiar to the applicant and the location; and (d) assumed to exercise their discretion based on evidence that was and is incompetent and irrelevant. In this latter connection the Board considered the testimony of the sheriff concerning his problems in policing the widespread county.
In exercising its authority, the Board should be guided by the applicable statutory provisions and by the principles enunciated in Colorado case law.
“* * * [Tjhree principles pervade all of our pertinent decisions: (1) the licensing authorities are vested with a wide discretion; (2) all reasonable doubts as to the correctness of the Board’s rulings are to be resolved in favor of the Board; (3) the determination of the Board will not be disturbed by the courts unless it appears that the Board has ‘abused its discretion.’ ” Board of County Com *231 missioners of Fremont County v. Salardino, 138 Colo. 66, 329 P.2d 629.
The statute in question, C.R.S. 1963, 75-1-5, contains the following provisions:
“Qualifications and Conditions for License. — (1) (a) Licenses shall be granted to any person * * * desiring to * * * sell said fermented malt beverage as defined in this article, upon the following qualifications and conditions;
(b) Licensee shall be a citizen of the United States and a resident of the state of Colorado, * * *
(c) Licensee shall be of good character and reputation, and shall never have been convicted of a felony or crime in any court of the United States, or * * *
(d) In considering the issuance of licenses the licensing authority, either state or local, shall consider the reasonable requirements of the neighborhood and the desires of the inhabitants as evidenced by petitions, remonstrances or otherwise.”
The application and the evidence adduced at the hearing clearly showed that the applicant was qualified as to provisions (b) and (c) of the statute. Regarding (d), the undisputed evidence was that the reasonable requirements of the neighborhood are not now being met by any existing outlets for sale of 3.2 beer by the drink.- All existing outlets serving the area are “package” stores. The evidence before the Board with reference to the desires of the inhabitants was the testimony of the applicant and a petition requesting the approval of the application signed by 51 residents of the immediate vicinity. No objections to or remonstrances against the granting of the license were presented at the hearing.
We have said that the Board may commit an arbitrary or capricious abuse of discretion by
“[Ejxercising its discretion in such manner after a consideration of evidence before it as clearly to indicate that its action is based on conclusions from the evidence such that reasonable men fairly and honestly considering the *232 evidence must reach contrary conclusions.” Van DeVegt v. Board of County Commissioners of Larimer County, 98 Colo. 161, 55 P.2d 703.
In our view such an abuse of discretion occurred in the case at bar.
It is clear from the Board’s findings that in considering the reasonable requirements of the neighborhood it arbitrarily refused to take cognizance of the distinction between outlets dispensing 3.2 beer by the package and a proposed outlet which would offer 3.2 beer by the drink. The evidence showed that there is no such establishment for the serving of 3.2 beer by the drink in Douglas County. The Board attempts to justify such action by advancing an argument herein that it is not necessary to make distinction between the two types of outlets because the statute does not indicate that such a distinction is to be made in considering the reasonable requirements of the neighborhood. Common lay knowledge recognizes that an entirely different function is served by a club for 18-year-olds and older where food is served and various types of recreation such as dancing are offered than by a “package” store which merely sells 3.2 beer. The distinction was commented upon by this court in a reverse situation in Board v. County Commissioners of Adams County v. National Tea Company, 149 Colo. 80, 367 P.2d 909, wherein we refused to uphold the denial of a license to sell 3.2 beer by the package, commenting that there was no other license to sell packaged beer in the neighborhood, although there was one existing license to sell 3.2 beer by the drink.
Because the proposed restaurant and club operation is in a sparsely settled area, but on Santa Fe, a widely-traveled highway, the Board concluded that the prospective customers would be drawn county-wide.
A similar expansion of the issues beyond the question of the needs of the neighborhood and desires of the inhabitants thereof was disapproved by us in Bolton v. Board of County Commissioners of the County of Delta, *233 164 Colo. 112, 432 P.2d 761, wherein application was made for a license to sell malt, vinous and spirituous liquors at a remote mountain lodge on the Grand Mesa in Delta County. The license was denied, though the Board of County Commissioners found that the nearest license of the kind sought by the applicant was located thirty-five miles from the lodge, and that the nearest package store was twenty miles away. Little or no opposition was offered by. persons who resided within a reasonable distance from the lodge. This court stated:
“We know of no authority which justifies the conclusion that the ‘neighborhood’ involved in an application for a liquor license can be expanded to include an entire county. Examination of the record of proceedings before the licensing authority discloses that there was a very heavy preponderance of evidence favoring issuance of the license which came from those persons who were actually inhabitants of the ‘neighborhood’ affected, even if the boundaries thereof were expanded to a radius of several miles from the Spruce Lodge. Admittedly, the reasonable needs of that community were not being supplied by any other outlets since the nearest comparable license was issued for premises thirty-five miles away. The holdings of this court in Ladd v. Board of County Commissioners, 146 Colo. 366, 361 P.2d 627; and KBT Corporation v. Walker, 148 Colo. 274, 365 P.2d 685, are applicable.”
The judgment of the district court is reversed and remanded to the district court to remand to the Board of County Commissioners with directions to issue the license.