No. 23411.

PHILLIP MOBELL, D/B/A THE PLACE *v.* HILBERT E. MEYER, JACK B. EVERHART, DICK GREENER, NORMA WALKER, AS MAYOR, CARL BOMHOLT, R. JAMES HART, JOE HARRIS AND BERNICE R. CROUSE, AS MEMBERS OF THE CITY COUNCIL OF AURORA, AND INDIVIDUALLY; AND BYRON A. ANDERSON, AS SECRETARY OF STATE OF THE STATE OF COLORADO.

(469 P.2d 414)

Decided May 18, 1970.

J. V. CONDON, for plaintiff in error.

HAROLD L. DAVISON, JOHN L. SPRINGER, for defendants in error.

*En Banc.*

14

MR. JUSTICE HODGES delivered the opinion of the Court.

 THE City Council of Aurora denied Phillip Mobell's application for a license to sell 3.2 beer by the drink and only for consumption on the premises. As provided by law, those 18 years of age and older may patronize such a 3.2 beer establishment. The district court upheld the denial, and the applicant by this writ of error urges reversal of the judgment of the district court and reversal of Council's action denying this application. He contends that the denial of the license was arbitrary, capricious and an abuse of discretion by the Council.

We agree and accordingly reverse.

At the public hearing, petitions which were circulated in the designated neighborhood were presented. Those favoring the issuance of this license numbered 722. The petition's statement fully described the type of license sought and the location of the proposed outlet. It also specified that the signers, as inhabitants, residents, or business people in the neighborhood, believed that there was a definite need in the area for such an outlet and they, therefore, expressed their desire that this license be issued.

Those petitions opposing the issuance of license numbered 522 signers. These petitions stated merely that the undersigned "protest and remonstrate against the issuance" of this license. No reason for protesting and remonstrating was indicated.

Witnesses who appeared in favor of the issuance of the license testified regarding the need and desire for such an outlet in the designated neighborhood. This testimony indicated that within the City of Aurora there was only one other such outlet and it was located approximately two miles from the location of the applicant's proposed place of business.

A Mr. Kastory, who is unidentified in the record, but who apparently was the Clerk of the Council, stated in answer to a councilman's question, that there was no

establishment within the City of Aurora which had a license to serve 3.2 beer for consumption on the premises.

The witnesses who testified in opposition to the issuance of the license stated that they all feared several consequences which might result if the license was issued. The possible problems they were concerned about involved increased traffic, parking difficulties, vandalism, late evening noise and disturbances.

At the conclusion of the public hearing, one of the members of the Council moved to refuse the issuance of the application for two reasons: first, because there exists "multiple dwellings immediately across the street from this proposed establishment"; and second, because of "the concern of the business people immediately adjacent to or surrounding this location." As to the second reason, the councilman stated that this type of business, if licensed, would cause an influx of traffic, parking difficulties, and other problems for the local people. This motion was seconded and adopted unanimously. No other findings by the membership of the Council were made stating the reasons for the denial.

■ We are confronted here with a record of proceedings before the Council which, in our view, clearly establishes that the needs of the designated neighborhood are not being met and that the inhabitants desire the issuance of this license. Had the Council made such a finding, it would be upheld on review. We have repeatedly held that the controlling factors in either granting or denying such a license are the reasonable requirements of the neighborhood and the desires of the inhabitants. In addition, C.R.S. 1963, 75-1-5 (d) sets forth the following mandatory requirements:

"In considering the issuance of licenses the licensing authority, either state or local, shall consider the reasonable requirements of the neighborhood and the desires of the inhabitants as evidenced by petitions, remonstrances or otherwise."

■■ This record, however, fails to indicate that the

Council as a whole, gave any consideration to these factors by its adoption of the resolution denying this license. We note that at all times during the public hearing, the Council was assisted by the Aurora city attorney. We must assume that the Council, as the local licensing authority, was fully aware of the requirements of the law which imposes upon it a duty to consider these factors, and to make findings with respect to the evidence relating to the needs of the neighborhood and the desires of the inhabitants. We therefore must conclude that Council saw fit to avoid making any findings as required on these factors, and instead, denied the license for reasons which of themselves are in law insufficient to support a denial of a license. In *Geer v. Presto,* 135 Colo. 536, 313 P.2d 980, it was held that a denial of a license because of resulting traffic and parking problems would be without legal justification. The same rule applies with equal force to such speculative reasons as possible vandalism, noise, or disturbances, where it is obvious as it is here, that these factors alone and not the required factors were utilized by Council as a basis for the denial of this application.

We hold that the Council's action here was contrary to the rule laid down in *Van DeVegt v. Commissioners,* 98 Colo. 161, 55 P.2d 703. Council refused or neglected to make any findings on the facts and evidence as required, and instead, used insufficient reasons as a matter of law for refusing this license. In these respects, the Council acted arbitrarily and without good cause. In accordance with 1967 Perm. Supp. C.R.S. 1963, 75-1-7 (7), the district court should have ordered the Council to issue the license.

We also note from this record of proceedings that at the beginning of the public hearing, the presiding officer of the Council ruled that no cross-examination of witnesses would be allowed. Such action is clearly contrary to the provisions of 1967 Perm. Supp., C.R.S. 1963, 75-2-41 (5) (a) which states: " . . . any party in interest shall be allowed to present evidence and to cross-examine

witnesses." Subsection 5(b) defines "party in interest" as the applicant, a resident of the neighborhood, or the owner or manager of a business in the neighborhood.

While the licensing authority may limit the presentation of evidence and cross-examination so as to prevent repetitive or cumulative evidence or cross-examination [1967 Perm. Supp., C.R.S. 1963, 75-2-41(5)(c)], in the instant case, all cross-examination was absolutely precluded before any evidence or testimony was presented. We agree with the contention of the applicant that the Council exceeded its authority by arbitrarily ordering that no cross-examination of witnesses would be allowed at this public hearing.

The judgment of the district court is reversed and the cause is remanded to the district court with directions to issue an order requiring the present City Council of Aurora to grant the application for a license.

MR. CHIEF JUSTICE McWILLIAMS and MR. JUSTICE GROVES dissenting.

MR. JUSTICE PRINGLE and MR. JUSTICE LEE not participating.

MR. JUSTICE GROVES dissenting:

I dissent for substantially the same reasons as expressed in my dissent in *Goehring v. Board of County Commissioners of Larimer County*, 172 Colo. 1, 469 P.2d 137, announced contemporaneously with the majority opinion. I would direct the district court to order the city council to conduct a hearing and to make findings in accordance with both the statute and the views expressed in the majority opinion. The court should further direct the council to enter an order granting or denying the license based upon those findings. Until this is done, I think this court should not make a determination as to whether the action of the council was arbitrary and without good cause. Such a determination by a court is neces-

18

sary before that court can order the issuance of a license under 1967 Perm. Supp., C.R.S. 1963, 75-1-7(7).

MR. CHIEF JUSTICE MCWILLIAMS has authorized me to state that he joins in this dissent.