No. 22591.

BERNARD E. GOEHRING *v.* BOARD OF COUNTY COMMISSION-
ERS OF THE COUNTY OF LARIMER, STATE OF COLORADO,
LOWELL M. ALLEN, JOHN MICHIE, AND WARREN F. WOLA-
VER, AS MEMBERS THEREOF
(469 P.2d 137)

Decided May 18, 1970.

MARCH, MARCH & SULLIVAN, ARTHUR MARCH, JR., for plaintiff in error.

HARDEN, OLSON & NAPHEYS, WALDINE H. OLSON, for defendants in error.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

THIS writ of error is directed to a judgment of the Larimer County district court upholding the Board of County Commissioners of Larimer County in their denial of Goehring's application for a license to operate a retail liquor outlet.

Goehring proposed to locate the liquor store three quarters of a mile south of Fort Collins on U. S. Highway 287. At the hearing on the application, the owner of the sole liquor store in the area south of Fort Collins and his daughter were the only persons to appear in person to protest the issuance of the license.

The applicant Goehring contends that the denial of the license was arbitrary and capricious and an abuse of discretion by the Board.

We agree and reverse the judgment.

The County Commissioners made four findings upon which to predicate the denial of the liquor license. None of the findings comport with the statute — C.R.S. 1963, 75-2-42 — and significant was the absence of a determination of the reasonable requirements of the neighborhood for the type of outlet being requested.

In the realm of the requirements of the neighborhood was a statement by the Commissioners, to wit: "That a greater preponderance of residents [within a one-mile radius] desire that the application be denied." This finding is not supported by the evidence even if it were sufficient and in compliance with the statute. Before the petitions were filed at the hearing the neighborhood was undefined and the petitions covered a wider area. In the arguments before the court as to the accuracy of the finding it was shown that those who signed the petition — that "* * * the reasonable needs of the area require such an outlet * * *" — outnumbered those appearing on a petition circulated by the competitor-protestor who appeared at the hearing. We have heretofore indicated that the determination of whether a license should be granted cannot be predicated on the type of findings rejected by this court in *KBT Corp. v. Walker,* 148 Colo. 274, 365 P.2d 685. The number for or against an applicant therefore is not necessarily controlling. In this case the favorable petitions are contrary to the Commission's determination.

As we view the record as made, it would be useless to remand the cause to the Commission for the entry of findings. Any findings by the Commissioners that the needs of the neighborhood are being met by the existing outlets would not be supported by this record. The Commissioners found that one 3.2 establishment was in the vicinity. As has been held heretofore, such an outlet would not meet the needs of the neighborhood for a package store.

Other findings of the Commission were that the

applicant failed to file with the Board plans and specifications for the interior of the building and failed to submit an architect's drawing of the building to be constructed. On this finding, if the plans and specifications were not filed at the time of the filing of the application, the Commission nevertheless accepted the plans and specifications at the hearing and admitted them into evidence. Failure to file plans at the time of the application is not fatal. There is no statutory prohibition against amending an application or supplying a deficiency prior to the consideration of the application. In this case, the hearing proceeded with the necessary plans and specifications. The building proposed to be used was already in existence. An architect's drawing of the building is therefore not a requirement of C.R.S. 1963, 75-2-40.

▇▇ Additionally, the Commission stated that there were certain inadequacies as to parking and that the display area for the retail goods was too small. We can find no sanction in the law requiring parking or minimum floor area. In the absence of lawful guidelines with reference to size of a proposed outlet in any state statutes and in the absence of a county zoning requirement for the location involved, a denial based on such grounds is not lawful.

▇ In a similar vein the Commission found that the store had inadequate toilet facilities. Here again we find no basis in the law for this criteria. If the absence of such facilities violated a county zoning resolution — which was not cited or introduced into the record — it would not be ground in and of itself for denial of the application for a liquor license. Rather, the Commission could require compliance with the zoning law before permitting the store to open. In this area, as in any zoning matter, opportunity to comply with the zoning laws and restrictions would of necessity be granted to anyone desiring to open a lawful business.

We find that the denial of this license was contrary to the rule laid down by this court in *Van DeVegt v. Board*

*of County Commissioners of Larimer County,* 98 Colo. 161, 55 P.2d 703, as follows:

"Capricious or arbitrary exercise of discretion by an administrative board can arise in only three ways, namely: (a) By neglecting or refusing to use reasonable diligence and care to procure such evidence as it is by law authorized to consider in exercising the discretion vested in it. (b) By failing to give candid and honest consideration of the evidence before it on which it is authorized to act in exercising its discretion. (c) By exercising its discretion in such manner after a consideration of evidence before it as clearly to indicate that its action is based on conclusions from the evidence such that reasonable men fairly and honestly considering the evidence must reach contrary conclusions. The intendment of a law which grants discretionary power to licensing officers, whether expressly or by necessary implication, is that the discretionary decision shall be the outcome of examination and consideration; in other words, that it shall constitute a discharge of official duty, and not a mere expression of personal will.' 19 R.C.L. 968, §265."

The judgment of the district court is reversed and the cause remanded to the court with directions that the case be remanded to the Board of County Commissioners of Larimer County to order it to grant the license.

MR. CHIEF JUSTICE MCWILLIAMS and MR. JUSTICE GROVES dissenting.

MR. JUSTICE GROVES dissenting:

The applicable statute reads:

"Before entering any decision approving or denying the application, the local licensing authority shall consider the facts and evidence adduced as a result of its investigation, as well as any other facts, the reasonable requirements of the neighborhood for the type of license for which application has been made, the number, type, and availability of liquor outlets located in or near the neigh-

borhood under consideration, and any other pertinent matters affecting the qualifications of the applicant for the conduct of the type of business proposed; provided, that the reasonable requirements of the neighborhood shall not be considered in the issuance of a club liquor license." C.R.S. 1963, 75-2-42(2)

There is another liquor store within 3/10 of a mile of the proposed site of the applicant. Some indication of the nature of this neighborhood can be found in the fact that the highway upon which the existing liquor store is located and upon which the proposed outlet would also be situated has a speed limit of 60 miles per hour.

I agree with the view expressed in the majority opinion that the findings of the county commissioners are not sufficient to justify a denial of the license. However, I dissent from the result wherein the commissioners are ordered to grant the applicant a license. In effect the order makes this court the local licensing authority.

Under the statute the local licensing authority is permitted to consider facts and evidence adduced as a result of its investigation, as well as any other facts. The statute would seem to require that a finding be made as to the reasonable requirements of the neighborhood. Before there is a judicial mandate that the authority issue a license, the local authority is entitled to have a review of its findings on the reasonable requirements of the neighborhood and the availability of liquor outlets located in the neighborhood as well as any other facts that may be pertinent. This has not as yet been done and the local authority should be accorded that opportunity. Therefore, I would remand this matter to the district court with instructions that it order the county commissioners to make findings in accordance with the statute and thereafter make a decision granting or denying the license based upon those findings.

MR. CHIEF JUSTICE McWILLIAMS has authorized me to state that he joins in this dissent.