No. 18,051.

ERNEST R. BACHER *v.* BOARD OF COUNTY COMMISSIONERS OF JEFFERSON COUNTY.

(314 P. [2d] 607)

Decided August 19, 1957.

Mr. JOSEPH N. LILLY, for plaintiff in error.

Mr. MANSUR TINSLEY, for defendant in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

PLAINTIFF in error, herein referred to as Bacher, presented to defendant in error, herein referred to as "Licensing Authority," an application for a license to dispense beer, wine and spirituous liquor, commonly known as a "three-way license." Bacher then and now operates a Restaurant at 7605 West 44th Avenue in Jefferson County, Colorado, and for some six years held what is generally referred to as a 3.2 beer license.

After hearing, the Licensing Authority denied the application for a three-way license for the reasons that the requirements of the neighborhood were adequately met by then existing liquor outlets and that the residents of the community opposed the issuance of the license. From this denial of the license, Bacher took the case to the district court for review, where, after hearing, the action of the Licensing Authority was affirmed, the trial court holding that if a three-way license was issued to Bacher it would contravene C.R.S. '53, 75-1-12, which provides:

"It shall be unlawful for any manufacturer or wholesaler to sell, deliver or cause to be delivered to any retail licensee any beverage containing alcohol in excess of three and two-tenths per cent by weight; or for any retailer to sell, possess, or permit the consumption on the premises of any of the beverages containing alcohol in excess of three and two-tenths per cent by weight or for any retail licensee to hold or operate under any license for the sale of any beverage containing alcohol in excess of three and two-tenths per cent by weight for the same premises."

The theory of the trial court's judgment was not presented to the Licensing Authority, nor was it advanced in the hearing before the trial judge.

Stated succinctly the matter presented by Bacher's writ of error is: Is it necessary for the holder of a 3.2 beer license to surrender the same before making application for a license to dispense alcoholic beverages? The obvious anwer to this inquiry is No.

The sole matter before the trial court under the record as made is governed by Rule 106, R.C.P. Colo., and limits the inquiry to a determination of whether the Licensing Authority has "exceeded its jurisdiction or abused its discretion."

At the time Bacher applied for the three-way license he held a 3.2 beer license. While he could not hold two licenses for the same establishment at the same time, it would only be necessary for him to surrender the limited license in order to hold the broader three-way privilege, should it be granted. We cannot construe C.R.S. '53, 75-1-2, as narrowly as did the trial court.

It was incumbent on the reviewing court to determine whether the Licensing Authority exceeded its jurisdiction or abused its discretion. That and nothing more. This the trial judge did not do, hence the judgment must be reversed and the cause remanded for a determination of the issues pursuant to Rule 106, R.C.P. Colo.

MR. JUSTICE HOLLAND not participating.