No. 20,417.

BOARD OF COUNTY COMMISSIONERS OF EL PASO COUNTY
*v.* MARY JO WHALE.
(389 P. [2d] 588)

Decided March 2, 1964.

Messrs. TARTER and TARTER, for plaintiff in error.

Mr. MERVIN A. ZIEGLER, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.

THE Board of County Commissioners of El Paso county is here on writ of error seeking reversal of a judgment of the county court by which said Board was ordered to issue a retail liquor store license to Mary Jo Whale for

premises located in the community known as Black Forest.

The county court in appropriate action in review of proceedings conducted before the Board on the application of Mary Jo Whale for said liquor license, held that the action of the commissioners in rejecting the application was arbitrary and capricious, amounted to an abuse of discretion, and ordered the license to issue.

A review of proceedings before the Board of County Commissioners discloses that petitions signed by 512 residents of the Black Forest community were filed in support of the application and that 457 persons signed petitions in opposition to the granting thereof.

The community of Black Forest is growing rapidly; many hundreds of persons are permanent residents and additional hundreds are part time residents of the area. It is admitted that the nearest retail liquor outlet of the type sought by the applicant is twelve to thirteen miles distant from the location for which the license was sought.

It is contended by the Board that the granting or denial of a liquor license is a matter requiring the exercise of discretion by the licensing authority; that the Board did not abuse its discretion; and that the county court substituted its judgment for that of the Board, contrary to law.

In a number of recent decisions of this court we have attempted to make it clear that where, as here, there is a substantial showing that a liquor outlet is desired in a community, it cannot be said that the "reasonable requirements of the neighborhood" are being served when it appears that the nearest outlet of the kind sought is twelve or thirteen miles distant from the location for which the license is requested. *Ladd v. Board of County Commissioners,* 146 Colo. 366, 361 P. (2d) 627; *Buddy and Lloyd's Store No. 1, Inc., v. City Council, City of Aurora, et al.,* 139 Colo. 152, 337 P. (2d) 389; *The KBT Corporation v. Walker, et al.,* 148

Colo. 274, 365 P. (2d) 685; *McNeill v. The City Council of Cortez, et al.*, 148 Colo. 277, 365 P. (2d) 687.

The above cited decisions, as well as others referred to therein, are fully applicable to the instant action. The trial court did not err in directing that the Board issue the license.

The judgment is affirmed.

MR. CHIEF JUSTICE MCWILLIAMS and MR. JUSTICE SUTTON concur.