## No. 20634.

BOARD OF COUNTY COMMISSIONERS OF LARIMER COUNTY, ET AL., *v.* LLOYD L. BICKEL.

(395 P.2d 208)

Decided September 14, 1964.

Mr. RALPH B. HARDEN, for plaintiffs in error.

Mr. RONALD H. STRAHLE, Mr. LLOYD E. WILLIAMS, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.

WE will refer to plaintiffs in error as the Commission and to defendant in error as applicant or by name.

Bickel made application to the Commission for a retail liquor store license and it was denied. The district court found that the Commission acted arbitrarily and capriciously in denying the license and ordered that it be granted. The Commission seeks review of that judgment by writ of error.

The city of Fort Collins has by vote of the people exercised its prerogative under the statute to prohibit

the sale of intoxicating liquors within its boundaries. Applicant is the operator of a bowling alley within the city and is the holder of a 3.2 per cent beer license and sells that beverage in connection with his bowling alley business. Geographically the bowling alley is within the city of Fort Collins. A substantial portion of the real estate owned by applicant is outside the city limits and it is upon that portion of the property that applicant proposes to set up his retail liquor store. This area is presently used as a parking lot for bowling alley patrons.

Applicant submitted his petition in accordance with the law and all other requirements, together with petitions favoring the granting of the license signed by 130 persons living or working in the vicinity of the proposed outlet, and 516 persons who were patrons of the bowling alley signed petitions in favor of the license. The record reflects that in the recent local option election held in the city of Fort Collins, the vote in the precinct adjacent to the proposed license site was 90 to 53 for the sale of liquor within the city. No objection of any kind was made to the granting of the application, and no witness appeared at the hearing in opposition thereto. At the time of the hearing before the Commission the nearest package outlet for sale of liquor was twelve miles from the proposed site.

The Commission made extensive findings and the reasons assigned for denying the license were based on conclusions of the members of the Commission from personal inspections of the neighborhood. It was the conclusion of the Commission that the location in question was not selected to serve citizens living in Larimer county outside the city of Fort Collins, but was to serve the people residing within the city; and that the site was not situated on any county road or highway or any public road giving direct access to persons living outside the city. The Commission found that in order to reach the site, persons living outside the city would have to

first enter the city and drive one and one-tenth miles over the city streets from one approach, or one-half mile by another, to reach the proposed outlet. It was the conclusion of the Commission that the proposed license would "simply subvert the interests of the citizens of the City of Fort Collins who, on April 4, 1961, exercised their local option right to deny the sale of liquor within the City of Fort Collins," and that to grant the license "would serve to disfranchise the majority of the citizens of the City of Fort Collins who voted against licensing such outlets." Among other assigned reasons for their conclusion was the contention that the site would serve no substantial number of residents outside the city limits.

We have held many times that where there is no liquor outlet of a given classification within a radius of several miles, the refusal to grant such a license is arbitrary and capricious where substantial support for the issuance thereof is shown. *Cloverleaf Kennel Club v. Board of County Commissioners*, 136 Colo. 441, 319 P.2d 487; *Ladd v. Board of County Commissioners*, 146 Colo. 366, 361 P.2d 627; *Le Pore v. Larkin*, 146 Colo. 311, 361 P.2d 343; *The KBT Corporation v. Walker*, 148 Colo. 274, 365 P.2d 685; *McNeill v. Cortez*, 148 Colo. 277, 365 P.2d 687; *Board of County Commissioners v. National Tea Co.*, 149 Colo. 80, 367 P.2d 909; *Board of County Commissioners v. Mary Jo Whale*, 154 Colo. 271, 389 P.2d 588.

The findings of the Commission excluded from the "neighborhood" all persons who reside in Fort Collins. *Brentwood Liquors, Inc., v. Schooley*, 147 Colo. 324, 363 P.2d 670, is ample authority for the proposition that boundary lines of a city do not exclude residents on one side or the other from the "neighborhood" to be considered in connection with applications for liquor licenses. The existence or nonexistence of outlets on either side of a city boundary are to be considered by the licensing authority in determining whether reason-

able requirements of the neighborhood are being met. It is not necessary that Bickel surrender his 3.2 beer license before making application for a license to sell liquor by the package. *Bacher v. Board of County Commissioners*, 136 Colo. 67, 314 P.2d 607.

The judgment of the trial court is affirmed.

MR. JUSTICE DAY and MR. JUSTICE FRANTZ concur.