**No. C-869**

**Jack Wadlow, Edwin S. Lamm and Lawrence Aubert, as the Board of County Commissioners of the County of Mesa, State of Colorado v. Verne J. Hartman and Joanne C. Hartman**

(551 P.2d 201)

Decided June 28, 1976.

Gerald J. Ashby, County Attorney, for petitioners.

Younge, Hockensmith, Griffin, Robb and Rider, Kirk Rider, for respondents.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

This is a review of a court of appeals decision ordering the petitioner, the Board of County Commissioners of Mesa County, to grant a retail liquor store license to the respondents, Verne and Joanna Hartman. We affirm.

The respondents applied for a retail liquor license for a store located within Clifton, an unincorporated community near Grand Junction. Prior to a hearing, the Board of County Commissioners designated an area to be considered as the "neighborhood." No retail liquor store existed within that neighborhood. The closest outlet of that type was located about four miles from the location of the respondents' store.

At the hearing before the Board, petitions were presented containing roughly 800 signatures of residents of the neighborhood favoring the application. Petitions containing a slightly greater number of signatures of residents opposing the application were also presented at the hearing. Evidence was also presented that Mr. Hartman had pled guilty to a charge of driving a motor vehicle while his ability was impaired by alcohol. No other evidence was presented which in any way impugned the character or reputation of the applicants.

The Board of County Commissioners denied the application on the grounds that the needs of the neighborhood were being met by outlets near the neighborhood and because of "the question of the fitness of one of the applicants indicated by the conviction of a misdemeanor related to the use of alcohol." The district court upheld the Board decision and the court of appeals subsequently reversed and remanded to the district court with directions to order the issuance of the license by the Board of County Commissioners. *Hartman v. Wadlow*, 37 Colo. App. 90, 545 P.2d 735 (1975).

I.

The court of appeals correctly ruled that the Board's conclusion that the needs of the neighborhood were being met was arbitrary and capricious. It is undisputed that there were no similar liquor outlets within the neighborhood, as defined by the Board, and that the nearest similar outlet was over four miles away. Further, there was substantial support for the proposed store. As we stated in *Board of County Commissioners v. Bickel*, 155 Colo. 465, 395 P.2d 208 (1964):

"We have held many times that where there is no liquor outlet of a given classification within a radius of several miles, the refusal to grant such a license is arbitrary and capricious where substantial support for the issuance thereof is shown." 155 Colo. at 468, 395 P.2d at 209 (citations omitted).

*Accord: Anderson v. Spencer*, 162 Colo. 328, 426 P.2d 970 (1967); *Board of County Commissioners v. Whale*, 154 Colo. 271, 389 P.2d 588 (1964).

198

## II.

◼ Concerning Mr. Hartman's conviction for driving a motor vehicle while his ability was impaired, we note that the Board did not make a finding that the conviction affected the qualifications of the applicant for the conduct of the proposed business. It may be that such a conviction might be considered by a Board with respect to "other pertinent matters affecting the qualification of the applicant for the conduct of the type of business proposed." *See* section 12-47-141(2), C.R.S. 1973. When a Board considers such "other pertinent matters" it must in its findings point out how it feels the applicant's qualifications to conduct the proposed business were affected by those matters. There was no such finding here.

The judgment is affirmed.

MR. JUSTICE HODGES, MR. JUSTICE GROVES and MR. JUSTICE LEE do not participate.