No. 28463

**The Hide-A-Way Massage Parlor, Inc. v. The Board of County Commissioners of Adams County, State of Colorado, John G. Campbell, County Commissioner, Adams County, James M. Covey, County Commissioner, Adams County, Pete Mirelez, County Commissioner, Adams County, Colorado, Bert Johnson, Sheriff, Adams County, and Paul Q. Beacom, District Attorney, Seventeenth Judicial District, Colorado**

(597 P.2d 564)

Decided July 9, 1979.

Weltzer & Worstell, Louis A. Weltzer, for plaintiff-appellee.

S. Morris Lubow, County Attorney, John E. Bush, Jr., Assistant, for defendants-appellants.

*En Banc.*

MR. JUSTICE CARRIGAN delivered the opinion of the Court.

The Board of County Commissioners of Adams County (the Board) appeals the Adams County District Court's determination that the Colorado Massage Parlor Code,[1] was applied by the Board in a manner which deprived Hide-A-Way Massage Parlor, Inc. of due process of law. We affirm.

The Colorado Massage Parlor Code (the Code), effective July 1, 1977, requires the operator of a massage parlor to obtain a license from the licensing authority in the municipality or county in which the establishment is located. The Code establishes two considerations, among others, to be considered by the local licensing authority in determining whether or not to issue a massage parlor license: (1) "The reasonable requirements of the neighborhood";[2] and (2) "the good character and reputation" of the officers, investors and employees of the establishment.[3]

On June 20, 1977, the Board adopted Massage Parlor Regulations which further restricted the operation of massage parlors in Adams County. Pursuant to the Code and these regulations, Hide-A-Way applied for a massage parlor license. Hearings were held and the license application was denied. As the bases for its decision to deny the license, the Board found: (1) Hide-A-Way's stock was owned entirely by another corporation; (2) the persons shown on Hide-A-Way's application as corporate

---

[1] Section 12-48.5-101, *et seq.*, C.R.S. 1973 (1978 Repl. Vol. 5).
[2] Section 12-48.5-104(4), C.R.S. 1973 (1978 Repl. Vol. 5).
[3] Section 12-48.5-108, C.R.S. 1973 (1978 Repl. Vol. 5).

officers were not officers; (3) Hide-A-Way "failed to establish that the needs and desires of the designated neighborhood warrant a Massage Parlor License to the application"; and (4) Hide-A-Way's operators "have condoned and authorized the employees to perform illegal sex acts with the customers."

Hide-A-Way instituted an action in the Adams County District Court seeking a declaratory judgment that the Colorado Massage Parlor Code and the Adams County Massage Parlor Regulations were unconstitutional. C.R.C.P. 57. Hide-A-Way also challenged the Board's denial of Hide-A-Way's application for a massage parlor license. C.R.C.P. 106(a)(4).

The district court entered an order reversing the Board's denial of Hide-A-Way's license application. The court found that although the Colorado Massage Parlor Code was constitutional on its face, the Board had applied the Code to Hide-A-Way in an unconstitutional manner. We affirm on the ground that the Code was applied in a manner which deprived Hide-A-Way of due process of law.[4]

While the Code sets forth certain minimum standards for licensing massage parlors, it expressly allows local governments to adopt ordinances establishing "more stringent standards" for licensing. Section 12-48.5-118, C.R.S. 1973 (1978 Repl. Vol. 5). The Board here applied standards more stringent than those contemplated by the Code, but, in doing so, it failed to define those standards adequately. As a result:

"Neither the public nor the courts have any means of knowing in advance what evidence might be considered material to any particular decision. Nor is there any assurance that each hearing officer will not, consciously or subconsciously, follow standards quite different from those applied by his or her colleagues." *Elizondo v. State, Dept. of Revenue,* 194 Colo. 113, 570 P.2d 518, 521 (1977).

No other massage parlor licenses had been granted within the boundaries of the area where the applicant sought to operate, yet the Board refused to grant the license. *See Wadlow v. Hartman,* 191 Colo. 196, 551 P.2d 201 (1976) (court found that the liquor board unconstitutionally denied a liquor license on the grounds that the neighborhood's needs were being met by outlets near the neighborhood when there was no other liquor outlet within several miles). While the Board may apply, in massage parlor cases, more stringent standards than those required by the Code, it may not do so without clearly defining the phrase and giving fair notice of what evidence it will consider in determining whether its requirements have been met. Procedural due process requires no less. *Elizondo v.*

---

[4] The constitutionality of the Code is not properly before us, and therefore we do not decide that issue.

*State, Dept. of Revenue, supra.*

■ Moreover the Board found the applicant's character and reputation were unsatisfactory, basing this finding on reasons different from those contemplated by the Code. *See e.g.,* section 24-5-101, C.R.S. 1973. Yet before making that finding the Board had not stated the standards upon which it would rely in determining whether an applicant's character and reputation were satisfactory. Without such guidelines, available in advance of the hearing, the applicant was denied fair notice of what factors would influence the Board's decision. Moreover, without stated standards, the applicant is denied a fair basis for appeal because a reviewing court has no way to determine whether the Board deviated from the norms of law and regulations. Furthermore, absent definitions of key terms there are no safeguards against arbitrary, capricious or whimsical administrative action.

■ Because the issue is not properly before us, we decline to consider the appellee's assertion that the Colorado Massage Parlor Code is unconstitutional on its face. When a statute's constitutionality is challenged by a party seeking declaratory relief, the Attorney General of Colorado must be given notice. Section 13-51-115, C.R.S. 1973; C.R.C.P. 57(j). Here the Attorney General was not named as a party in the district court action, served with any pleadings, or given an opportunity to be heard. Therefore, we do not determine the facial constitutionality issue raised by the appellee. *Meier v. Schooley,* 147 Colo. 244, 363 P.2d 653 (1961).

Accordingly, the district court judgment that the Colorado Massage Parlor Code was unconstitutionally applied to Hide-A-Way Massage Parlor, Inc. is affirmed.