**Douglas BRUCE, Plaintiff–Appellant,**

v.

**CITY OF COLORADO SPRINGS, a home rule city and Colorado municipal corporation; Title–Setting Board; Patricia Kelly, Cindy Conway, and Robert Briggle, in their official capacities as members of the City Title–Setting Board, Defendants–Appellees.**

No. 08CA0239.

Colorado Court of Appeals, Div. VII.

Dec. 24, 2008.

Douglas Bruce, Pro Se.

Patricia K. Kelly, City Attorney, Thomas Marrese, Assistant City Attorney, Colorado Springs, Colorado, for Defendants–Appellees.

Opinion by Judge GRAHAM.

Plaintiff, Douglas Bruce, appeals the trial court's order denying his request for relief against defendants, the City of Colorado Springs (the City); the City of Colorado Springs Title–Setting Board (the Title Board); and Patricia Kelly, Cindy Conway, and Robert Briggle, in their official capacities as members of the City of Colorado Springs Title–Setting Board, concerning the title setting of a petition for an initiated municipal ordinance. We reverse and remand.

The facts here are not in dispute. Pursuant to section 5.1.504(A) of the City of Colorado Springs Municipal Code (the City Code), plaintiff filed a petition for an initiated ordinance with the City Clerk's Office:

Enterprise Policy. City enterprises shall bill and collect charges for voluntary customer contracts only. Enterprise payments to the city shall phase out in ten or fewer equal yearly steps starting in January 2009, with equal savings for each customer contract. Future loans, gifts, and subsidies between an enterprise and the city or another enterprise are prohibited.

After a hearing, the Title Board, composed of the City Clerk, City Attorney, and Presiding Judge of the Municipal Court, refused to set a title for the proposed initiative. *See* City Code § 5.1.504(C) (the Title Board "shall designate and fix a petition title for the initiated petition within ten (10) working days after submission" of an initiated petition). It concluded that it was unable to determine, or convey in a title, the true meaning and intent of the petition, *see id.* (the title "shall correctly and fairly express the true intent and meaning of the proposed initiated petition"), in part because the initiative contained multiple subjects in violation of the single subject requirement set forth in section 5.1.503 of the City Code.

Plaintiff then filed a complaint for title setting and declaratory, injunctive, and mandamus relief. The first cause of action alleges a denial of plaintiff's constitutional right to petition the City based on the Title Board's refusal to set a title for the proposed initiative. The complaint asserts that the petition for an initiated ordinance meets the single subject requirements and also deals with legislative rather than administrative matters. In the second cause of action, plaintiff requests that the court set the ballot title to contain the entire text of the initiative verbatim. Plaintiff's third cause of action, entitled "For Declaratory and Injunctive Relief and

Writ of Mandamus," requests, inter alia, (1) declaratory judgment that the City's single subject ordinance is unconstitutional and thus invalid; (2) an order directing the City to comply with petition printing requirements; (3) an order enjoining the City from engaging in certain title-setting practices and mandating certain procedures; (4) an order directing the City on how its enterprises should bill and collect; and (5) a declaratory judgment that the proposed initiative contains a single subject and concerns a legislative rather than an administrative subject and an order that the proposed initiative meets legal requirements for circulation.

After the complaint was filed, the trial court stayed the matter while plaintiff pursued an appeal of the actions of the Title Board pursuant to section 5.1.504 of the City Code. Thereafter, plaintiff filed a written motion for rehearing with the City Clerk. *See* City Code § 5.1.504(D). The Title Board overruled the motion, and plaintiff filed an appeal with the City Clerk. *See id.* The appeal was heard by the City Council at a formal meeting, and the City Council upheld the Title Board's decision. *See id.*

Returning to the litigation, the parties urged the trial court to rule on plaintiff's complaint without a hearing, but disagreed about the trial court's standard of review. Defendants contended that the trial court should review the Title Board's refusal to set a title for an abuse of discretion pursuant to C.R.C.P. 106(a)(4). Plaintiff argued that the trial court should review the legal validity of the City's single subject ordinance and the Title Board's actions under C.R.C.P. 57 and rule as a matter of law that a title must be set and the petition circulated.

The trial court rejected both positions and set the matter for a hearing, explaining,

[T] he most efficient method for resolution of the dispute is to allow the presentation of evidence and legal argument at the upcoming hearing and make findings of fact and conclusions of law. The court shall include in its findings at the conclusion of the hearing its decision regarding what rule confers jurisdiction upon the court to make a determination. The court may elect to rule in the alternative, making

findings with respect to the declaratory action complaint as well as findings pursuant to Rule 106. In this way, the court hopes to avoid the inefficiency of ruling in the case only to have the case remanded later to make additional findings or hold additional hearings.

The court clarified that the disputed issues of fact "shall be resolved in accordance with [C.R.C.P.] 57(i)."

After a hearing, the trial court issued a written order detailing its findings of fact and conclusions of law. The court concluded that the Title Board did not err, was "justified in refusing to set a title on the proposed voter initiative," and did not abuse its "discretion in finding that the title could not be set and the initiative should be rejected." Without addressing the constitutionality of the City's single subject ordinance, the trial court denied plaintiff's "request for declaratory judgment and other injunctive relief."

In its order, the trial court stated that the parties had agreed that the single subject rule applied to the proposed municipal initiative, citing the single subject rule set forth in Colo. Const. art. V, section 1(5.5) and section 1–40–106.5, C.R.S.2008, but not the single subject requirement set forth in section 5.1.503 of the City Code. The court then determined that the proposed initiative contained multiple subjects in violation of the single subject rule and, thus, the Title Board did not err in refusing to set a title. The court also expressed concern that the proposed initiative was too vague to apprise the voters of its purpose and potential consequences.

The trial court denied plaintiff's motion for reconsideration, and this appeal followed.

## I. Standard of Review

At the outset, plaintiff asserts that the trial court's ruling is "fatally defective" because the trial court "never defined the legal standards for its review." Although the trial court did not state clearly the standard of review in its order, we can determine from the record whether the trial court's decision should be affirmed.

Regardless of whether we apply the standard of review under C.R.C.P. 106 or the standard of review under C.R.C.P. 57, the outcome is the same. In reviewing the C.R.C.P. 57 declaratory judgment claim as a matter of law, we conclude that the case must be remanded to the trial court for a determination on the constitutionality of the City's single subject ordinance. Therefore, because we are remanding for a determination of the constitutionality of the single subject ordinance, our determination under C.R.C.P. 106 whether the Title Board abused its discretion in finding that the proposed initiative violates the single subject requirement would be premature.

## II. Constitutional and Statutory Single Subject Application

Plaintiff contends, and we agree, that the trial court erred in applying the state constitutional and statutory single subject rule to a municipal matter.

■ Appellate courts interpret constitutional provisions as a matter of law. *Bruce v. City of Colorado Springs*, 129 P.3d 988, 992 (Colo.2006). We assess the intent of the voters in adopting an amendment by according the words of the provision their plain and ordinary meaning. *Id.* We discern the meaning of a statute by also looking first to the statutory language and giving words and phrases their plain and ordinary meaning. *People v. Dist. Court*, 713 P.2d 918, 921 (Colo.1986).

The Colorado Constitution provides that the state title-setting board may not set the title of a proposed initiative if the initiative contains multiple subjects. Article V, section 1(5.5) sets forth the single subject requirement:

No measure shall be proposed by petition containing more than one subject, which shall be clearly expressed in its title; but if any subject shall be embraced in any measure which shall not be expressed in the title, such measure shall be void only as to so much thereof as shall not be so expressed. If a measure contains more than one subject, such that a ballot title cannot be fixed that clearly expresses a single subject, no title shall be set and the measure shall not be submitted to the people for adoption or rejection at the polls. In such circumstance, however, the measure may be revised and resubmitted for the fixing of a proper title without the necessity of review and comment on the revised measure in accordance with subsection (5) of this section, unless the revisions involve more than the elimination of provisions to achieve a single subject, or unless the official or officials responsible for the fixing of a title determine that the revisions are so substantial that such review and comment is in the public interest. The revision and resubmission of a measure in accordance with this subsection (5.5) shall not operate to alter or extend any filing deadline applicable to the measure.

Colo. Const. art. V, § 1(5.5); *see also* Colo. Const. art. XIX, § 2(3) ("No measure proposing an amendment or amendments to this constitution shall be submitted by the general assembly to the registered electors of the state containing more than one subject, which shall be clearly expressed in its title....").

Nothing in the constitutional single subject provision mentions municipal ballot initiatives. In fact, subsection (5.5) references subsection (5)'s title-setting and review process, which applies exclusively to statewide ballot measures:

The original draft of the text of proposed initiated constitutional amendments and initiated laws shall be submitted to the legislative research and drafting offices of the general assembly for review and comment. No later than two weeks after submission of the original draft, unless withdrawn by the proponents, the legislative research and drafting offices of the general assembly shall render their comments to the proponents of the proposed measure at a meeting open to the public, which shall be held only after full and timely notice to the public. Such meeting shall be held prior to the fixing of a ballot title. Neither the general assembly nor its committees or agencies shall have any power to require the amendment, modification, or other alteration of the text of any such proposed measure or to establish deadlines for the

submission of the original draft of the text of any proposed measure.

Colo. Const. art. V, § 1(5).

If the constitutional single subject rule were intended to apply to municipal ballot initiatives, it would be inadequate and confusing in that it refers only to the review process applicable to statewide measures.

Furthermore, article V, section 1(9) of the Colorado Constitution reserves the initiative and referendum powers to "the registered electors of every city, town, and municipality as to all local, special, and municipal legislation of every character in or for their respective municipalities." Subsection (9) also permits cities, towns, and municipalities to provide for the manner of exercising the initiative and referendum powers as to their municipal legislation. Nothing in subsection (9) requires municipal ballot measures to adhere to the constitutional single subject rule; rather, it leaves to the municipalities' discretion the manner in which referendum and initiative powers are exercised.

The parallel statutory single subject rule is set forth in title 1, article 40, which applies "to all *state ballot issues* that are authorized by the state constitution unless otherwise provided by statute, charter, or ordinance." § 1–40–103(1), C.R.S.2008 (emphasis added). Specifically, section 1–40–106.5, C.R.S.2008, provides:

Single-subject requirements for initiated measures and referred constitutional amendments—legislative declaration

(1) The general assembly hereby finds, determines, and declares that:

(a) Section 1(5.5) of article V and section 2(3) of article XIX of the state constitution require that every constitutional amendment or law proposed by initiative and every constitutional amendment proposed by the general assembly be limited to a single subject, which shall be clearly expressed in its title;

(b) Such provisions were referred by the general assembly to the people for their approval at the 1994 general election pursuant to Senate Concurrent Resolution 93–4;

(C) The language of such provisions was drawn from section 21 of article V of the state constitution, which requires that every bill, except general appropriation bills, shall be limited to a single subject, which shall be clearly expressed in its title;

(d) The Colorado supreme court has held that the constitutional single-subject requirement for bills was designed to prevent or inhibit various inappropriate or misleading practices that might otherwise occur, and the intent of the general assembly in referring to the people section 1(5.5) of article V and section 2(3) of article XIX was to protect initiated measures and referred constitutional amendments from similar practices;

(e) The practices intended by the general assembly to be inhibited by section 1(5.5) of article V and section 2(3) of article XIX are as follows:

(I) To forbid the treatment of incongruous subjects in the same measure, especially the practice of putting together in one measure subjects having no necessary or proper connection, for the purpose of enlisting in support of the measure the advocates of each measure, and thus securing the enactment of measures that could not be carried upon their merits;

(II) To prevent surreptitious measures and apprise the people of the subject of each measure by the title, that is, to prevent surprise and fraud from being practiced upon voters.

(2) It is the intent of the general assembly that section 1(5.5) of article V and section 2(3) of article XIX be liberally construed, so as to avert the practices against which they are aimed and, at the same time, to preserve and protect the right of initiative and referendum.

(3) It is further the intent of the general assembly that, in setting titles pursuant to section 1(5.5) of article V, the initiative title setting review board created in section 1–40–106 should apply judicial decisions construing the constitutional single-subject requirement for bills and should follow the same rules employed by the general assembly in considering titles for bills.

After the enactment of the constitutional and statutory single subject rule, a statute specifically addressing municipal initiatives, referenda, and referred measures was enacted:

It is the intention of the general assembly to set forth in this article the procedures for exercising the initiative and referendum powers reserved to the municipal electors in subsection (9) of section 1 of article V of the state constitution. It is not the intention of the general assembly to limit or abridge in any manner these powers but rather to properly safeguard, protect, and preserve inviolate for municipal electors these modern instrumentalities of democratic government.

§ 31–11–101, C.R.S.2008. Remarkably, title 31, article 11 does not include a single subject requirement.

■ We agree with plaintiff that the plain language of the single subject rule set forth in article V, section 1(5.5) of the constitution and section 1–40–106.5 applies only to statewide measures and not to municipal initiatives. *See also Coopersmith v. City & County of Denver,* 156 Colo. 469, 474–75, 399 P.2d 943, 945 (1965) (decided before the enactment of the single subject constitutional provision; holding that there is no limitation on the number of subjects that may be included in a charter amendment); *City & County of Denver v. Mewborn,* 143 Colo. 407, 410, 354 P.2d 155, 157 (1960) (decided before the enactment of the single subject constitutional provision; holding that article XX, section 5 of the Colorado Constitution does not prohibit a home rule charter amendment from containing more than one subject). Defendants appear to concede the statewide application of the single subject provisions in their brief, and the trial court appears to have recognized that the provisions do not apply to municipalities, because it rests its ruling on the incorrect assumption that the parties stipulated to the application of the constitutional and statutory single subject rule. No such stipulation is included in the record. We therefore conclude that the trial court erred in applying the constitutional and statutory single subject requirement to the proposed municipal ordinance.

### III. Municipal Code

Plaintiff next argues that the trial court erred because it failed to rule upon his claim that the City's single subject ordinance is unconstitutional. We agree.

The City's single subject ordinance is substantially similar to the constitutional and statutory single subject rule:

A. Legislative Finding: The Council hereby finds that a single subject requirement for Charter amendments, referred ordinances or initiated ordinances submitted for voter approval is necessary to prohibit the practice of "logrolling" whereby diverse and unrelated matters are passed as one matter because no single matter could be passed on its own merits. Council further finds the single subject limitation on Charter amendments, referred ordinances and initiated ordinances submitted for voter approval facilitates concentration on the meaning and wisdom of the proposal preventing surprise and deception as to the matter being put to vote.

B. Acceptance: The City Clerk shall accept only for petition circulation and placement on an election ballot proposed Charter amendments, referred ordinances or initiated ordinances when those measures contain single subjects. The single subject requirement means that the matters in the measure submitted for voter approval are necessarily or properly connected and not disconnected or incongruous. (Ord. 94–70; Ord. 00–175; Ord. 01–42)

City Code § 5.1.503.

Plaintiff asserts in his complaint that his right to petition was conferred by article V, section 1(9) of the Colorado Constitution and that such right was infringed by the imposition of the City's single subject rule. It does not appear that plaintiff abandoned this claim or waived it in any proceeding before the trial court. Instead, the trial court heard evidence and argument on the question whether plaintiff's initiated ordinance met the "single subject rule" and did not consider his constitutional claim. In preparing a detailed order setting forth its findings and

conclusions, the trial court did not consider whether the municipal single subject rule offended plaintiff's constitutional right to petition.

██ Inasmuch as the only single subject rule that could have applied to plaintiff's initiated ordinance was the City Code, section 5.1.503, we conclude that, before the trial court can determine whether the proposed initiative violates the City's single subject ordinance, the trial court is required first to rule on the constitutional challenge posed by the complaint. Accordingly, the case is remanded for resolution of this issue.

We note that on remand, plaintiff should notify the Attorney General of his constitutional challenge to the City's single subject ordinance as required by section 13–51–115, C.R.S.2008, and C.R.C.P. 57(j). *See Hide–A–Way Massage Parlor, Inc. v. Bd. of County Comm'rs,* 198 Colo. 175, 178, 597 P.2d 564, 567 (1979).

### IV. Single Subject Analysis

Plaintiff urges us to review whether the proposed initiative contains multiple subjects in violation of the City's single subject ordinance. However, in light of our disposition herein, we decline to do so. If, on remand, it is determined that the Code's single subject ordinance is unconstitutional, this issue would become moot. Thus, any review of the issue now is premature.

### V. Costs on Appeal

Plaintiff is entitled to his costs on appeal pursuant to C.A.R. 39(a).

The order is reversed, and the case is remanded to the trial court for further proceedings consistent with this opinion.

Judge FURMAN and Judge TERRY, concur.